## JOHN B. SEMPLE & CO. v. LEWELLYN, Former Collector of Internal Revenue.

(District Court, W. D. Pennsylvania. July 30, 1924.)

No. 2873.

1. **Internal revenue 🔑7—Excess profits tax deducted from proportion of corporate income corresponding to portion of fiscal year after January 1, 1917.**

Revenue Act Oct. 3, 1917, § 29 (Comp. St. 1918, § 6336yy), providing for crediting net income with excess profits tax, is part of whole Revenue Act of 1917, and not merely amendment of Revenue Act 1916, § 1211, and excess profits tax is to be deducted from that proportion of corporation's income for fiscal year which portion of fiscal year after January 1, 1917, bears to whole fiscal year, to determine amount subject to 4 per cent, tax, under section 4 (Comp. St. 1918, § 6336jj), and not from whole income for fiscal year.

2. **Statutes 🔑219 — Courts must give great weight to interpretation of statutes by executive department charged with their enforcement.**

It is duty of courts to give great weight to interpretation of revenue acts by executive department whose duty it is to enforce them.

3. **Internal revenue 🔑2—Intent to make act retroactive or to discriminate between corporations not presumed.**

Intent of Congress to make Revenue Act of 1917 retroactive, or to discriminate against corporations whose fiscal year ends on date other than December 31st, is not to be presumed, if any other interpretation thereof is possible.

4. **Internal revenue 🔑38—Taxes voluntarily paid to collector cannot be recovered.**

Taxes voluntarily paid to collector cannot be recovered in suit against him.

5. **Internal revenue 🔑38—Amount set off by government for insufficient tax paid in one year in refunding overpayment in other years held not voluntary payment.**

Where taxpayer overpaid income taxes for two years, but did not pay full amount due for another year, and such deficiency was set off against overpayment, as authorized under Revenue Act 1918, § 252 (Comp. St. Ann. Supp. 1919, § 6336⅛uu), amount erroneously included in such set-off in excess of taxes due was not voluntary payment, within rule that such payment cannot be recovered.

6. **Internal revenue 🔑38 — Where taxpayer pays income tax without protest, his remedy for overpayment is by suit against United States, and not against collector.**

Though ordinary suit against collector of internal revenue to recover taxes paid under protest is in reality suit against United States, some foundation of personal liability is necessary, and where overpayments were made without protest, and Commissioner, in ordering return, set off taxes for another year, which were erroneously computed, taxpayer's remedy is by action against United States, in Court of Claims or in District Court, under Judicial Code, § 24, par. 20 (Comp. St. § 991 [20]).

At Law. Action by John B. Semple & Co., a former Pennsylvania corporation, by its directors, John B. Semple and others, against C. G. Lewellyn, former Collector of Internal Revenue of the United States for the Twenty-Third District of the State of Pennsylvania. On defendant's affidavit of defense, raising questions of law. Judgment for defendant.

Charles A. Woods, of Pittsburgh, Pa., for plaintiff.

Walter Lyon, U. S. Atty., and Warren H. Van Kirk, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge. The plaintiff has brought suit to recover the sum of $3,315.72, with interest. The facts, as they appear from the plaintiff's statement, are substantially as follows:

The plaintiff was a Pennsylvania corporation, which has been dissolved by a decree

of the court of common pleas of Allegheny county, dated December 22, 1919. John B. Semple and others, directors, are engaged in winding up the affairs of the corporation. Prior to its dissolution, John B. Semple & Co. had filed its income tax returns and paid the tax shown to be due thereunder for the years 1916, 1917, and 1918. In the first part of the year 1920, examiners of the Internal Revenue Department made an audit of the books of the corporation, for the purpose of determining the amount of tax actually due from it to the United States for the years 1916, 1917, and 1918. As a result of such audit, the examiners determined that the plaintiff corporation had paid the United States, for the years 1916 and 1918, the sum of $135,330.66 more than was actually due from it for said years as taxes. At the same time, said examiners reported that the plaintiff had paid, as taxes for the year 1917, $103,645.21 less than was actually due the United States.

Pursuant to the report of the examiners, the Commissioner of Internal Revenue in effect set off the sum of $103,645.21, the amount of additional taxes alleged to be due for the year 1917, against the sum of $135,-330.66, the amount paid in excess of the taxes actually due for the years 1916 and 1918, and authorized the plaintiff to file a claim for a refund of the amount of $31,-685.45, the difference between the two amounts. After receipt of such finding, the plaintiff filed a protest with the Commissioner of Internal Revenue, wherein, in substance, it alleged that the sum of $3,315.72 had been erroneously assessed against it for the year 1917 and was wrongfully withheld. This is the amount for which suit has been brought. The alleged wrongful assessment is based upon what is declared to be an erroneous calculation by the Commissioner of Internal Revenue of the 4 per cent. income tax due for the fiscal year of the corporation ending May 31, 1917.

The defendant, pursuant to the Pennsylvania Practice Act (Pa. St. 1920, § 17200), has filed an affidavit of defense raising questions of law, equivalent to a demurrer to plaintiff's statement. By it he alleges that the plaintiff's statement is insufficient in law, because it discloses that plaintiff's claim is based upon a calculation of taxes due by the plaintiff for its fiscal year ending May 31, 1917, that is not in accordance with the provisions of the Act of October 3, 1917, under which the tax was assessed.

On the day of the argument, upon defendant's affidavit raising questions of law, defendant asked permission to file an amendment to his original affidavit, in which he alleged that the statement of claim was further insufficient, in that it disclosed that the plaintiff had not paid the tax in question under protest, but voluntarily, and therefore was not entitled to recover any part of it upon suit. This amendment was allowed to be filed, over objection of counsel for the plaintiff.

We shall first discuss the question raised by the original affidavit. The present controversy arises out of a difference in interpretation of sections 4 and 29 of the Revenue Act of October 3, 1917 (Comp. St. 1918, §§ 6336jj, 6336yy), which sections follow:

"Sec. 4. That in addition to the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this act, there shall be levied, assessed, collected, and paid a like tax of four per centum upon the income received in the calendar year nineteen hundred and seventeen and every calendar year thereafter, by every corporation, joint-stock company or association, or insurance company, subject to the tax imposed by that subdivision of that section, except that if it has fixed its own fiscal year, the tax imposed by this section for the fiscal year ending during the calendar year nineteen hundred and seventeen shall be levied, assessed, collected, and paid only on that proportion of its income for such fiscal year which the period between January first, nineteen hundred and seventeen, and the end of such fiscal year bears to the whole of such fiscal year.

"The tax imposed by this section shall be computed, levied, assessed, collected, and paid upon the same incomes and in the same manner as the tax imposed by subdivision (a) of section ten of such Act of September eighth, nineteen hundred and sixteen, as amended by this act, except that for the purpose of the tax imposed by this section the income embraced in a return of a corporation, joint-stock company or association, or insurance company, shall be credited with the amount received as dividends upon the stock or from the net earnings of any other corporation, joint-stock company or association, or insurance company, which is taxable upon its net income as provided in this title."

"Sec. 29. That in assessing income tax the net income embraced in the return shall

also be credited with the amount of any excess profits tax imposed by act of Congress and assessed for the same calendar or fiscal year upon the taxpayer, and, in the case of a member of a partnership, with his proportionate share of such excess profits tax imposed upon the partnership."

To arrive at the tax due from the plaintiff company for its fiscal year ending May 31, 1917, the Commissioner of Internal Revenue deducted the amount of the excess profits tax from the net income of the corporation for the fiscal year June 1, 1916, to May 31, 1917, and held the balance to be subject to the 2 per cent. tax imposed by subdivision (a) of section 10 of the Act of September 8, 1916, as amended by the Act of October 3, 1917. So far, the plaintiff admits the calculation to be correct. But to arrive at the tax imposed by section 4 of the Act of October 3, 1917, the Commissioner has subjected five-twelfths of the difference between the net income for the fiscal year and the excess profits tax to the 4 per cent. tax. No deduction of the excess profits tax has been made. The computation of the Internal Revenue Bureau made the 4 per cent. tax amount to $7,745.90.

The plaintiff agrees that the method of calculation adopted by the Internal Revenue Bureau reaches the correct result in so far as the 2 per cent. tax is concerned, but submits that it is erroneous in regard to the 4 per cent. tax. It contends that sections 4 and 29 of the Act of October 3, 1917, require that the total net income of the fiscal year be apportioned; i. e., that five-twelfths of the total net income be taken, as applicable to the year 1917, and that from this amount be subtracted the amount of the excess profits tax, to arrive at the amount subject to the 4 per cent. tax.

The concrete figures setting out the claims of the respective parties are as follows:

### Plaintiff's Calculation.

Net income for year ending 5/31/17 .......................$606,855.93
Less excess profits tax............ 142,102.21

Remainder subject to 2 per cent. tax ...........................$464,753.72
Part of net income applicable to 1917 (five-twelfths).............$252,856.64
Less excess profits tax........... 142,102.21

Remainder subject to 4 per cent. tax ...........................$110,754.43

Tax at 2 per cent. on $464,753.72..$ 9,295.07
Tax at 4 per cent. on $110,754.43.. 4,430.18

Total income tax for period.......$ 13,725.25

### Defendant's Calculation.

Net income for year ending 5/31/17 .....................$606,855.93
Less excess profits tax........... 142,102.21

Remainder subject to 2 per cent. tax ...........................$464,753.72
Five-twelfths part subject to 4 per cent. tax......................$193,647.38

Tax at 2 per cent. on $464,753.72..$ 9,295.07
Tax at 4 per cent. on $193,647.38.. 7,745.90

Total income tax for period......$ 17,040.97

Under the pleadings, if the defendant has correctly computed the 4 per cent. income tax imposed by section 4 of the Revenue Act of October 3, 1917, we are required to give judgment against the plaintiff. On the other hand, if its computation is correct, defendant's question of law must be dismissed, unless his further contention, to the effect that suit does not lie against the collector by reason of voluntary payment, be upheld.

[1] The controversy centers around section 29, supra. The section, considered in conjunction with section 4, supra, seems to sustain the computation of the plaintiff, and to establish its claim that the excess profits tax is to be deducted from that proportion of its income for the fiscal year which the period between January 1, 1917, and the end of the fiscal year bears to the whole of such fiscal year. But defendant urges that section 29 is an amendment to the Act of September 8, 1918, which deals only with a return made for the purpose of the 2 per cent. tax, and with the income subject to the 2 per cent. tax, and that the "income tax" mentioned in such section 29 means the 2 per cent. tax. Defendant further points to the provision in section 4 of the Revenue Act of 1917, that the 4 per cent. tax "shall be computed, levied, assessed, collected and paid upon the same incomes, and in the same manner" as the 2 per cent. tax imposed by section 10 of the Act of 1916. He alleges this is direct statutory authority for his computation.

[2] After consideration of the statutes involved, we find ourselves unable to agree with the defendant, despite the fact that it is the duty of courts to give great weight to the interpretation of such acts as those under consideration on the part of the executive department whose duty it is to enforce them. Section 29 must be considered in connection with, and as a part of, the whole Revenue Act of 1917, and not merely as an amendment of section 1211 of the Revenue Act of 1916 applicable to the 2 per cent. tax alone. The excess profits tax was applica-

ble only to income arising subsequent to January 1, 1917, and so also was the 4 per cent. tax. Under such circumstances, plainly the excess profits tax should be credited only against the 1917 part of the income of the fiscal year, not against income not subject to that tax.

[3] The vice of defendant's interpretation of the Revenue Act of 1917 is made plain by the effect of it. The Act of 1917 specifically provides for a "tax of four per centum upon the income received in the calendar year nineteen hundred and seventeen and every calendar year thereafter." The effect of the interpretation of the Bureau of Internal Revenue would be the collection of the 4 per cent. tax upon part of the 1916 income. This means, if the interpretation is to be sustained, that Congress intended the Revenue Act of 1917 to be retroactive to the extent of imposing the 4 per cent. tax on income accruing prior to January 1, 1917, and also intended to discriminate against corporations whose fiscal year ended on some date other than December 31st. Neither of such intentions is to be presumed, if any other interpretation of the act is possible. In view of the results flowing from it, if considered by themselves, the claim of defendant that the words of section 29, "net income embraced in the return," mean the total net income of the entire fiscal year, must be held to be untenable. The Act of 1917, section 4, plainly confines the excess profits tax and the 4 per cent. tax to 1917 income; and an examination of the same act and other tax statutes will disclose that Congress has always been careful to refrain from discrimination between corporations whose fiscal years ended on a date other than December 31st and those whose fiscal years coincided with the calendar year.

In our judgment, the computation of the defendant's bureau is incorrect, and that of the plaintiff is demanded by the Revenue Act of 1917. This decision requires that the contentions of the defendant be overruled, unless his amendment to his affidavit raising questions of law be sustained. In it he alleges, in substance, that plaintiff's statement is insufficient in law, in that it does not set forth that the money plaintiff seeks to recover was not voluntarily paid, but was paid under protest.

[4, 5] It is beyond question that taxes voluntarily paid to the collector of internal revenue cannot be recovered by a suit against him. But this general rule is not capable of direct application to the facts before us. The amount claimed by plaintiff

was assessed against it by the Commissioner of Internal Revenue as part of tax due for the year 1917, after the payment of tax for that year by the plaintiff. The Commissioner found that plaintiff had overpaid its tax for the years 1916 and 1918, but had not paid the full amount due for 1917, and directed that the shortage for 1917 be charged against the overpayments of 1916 and 1918, and the balance returned by the collector to the plaintiff. The plaintiff alleges that the amount set off against its overpayments was $3,315.72 more than was actually due as tax for 1917, and immediately following the assessment protested and appealed to the Commissioner, who overruled its contention. By direction of the Commissioner, the collector returned to plaintiff the amount found to be due by the department. Under such circumstances, it cannot be claimed that plaintiff voluntarily paid the amount claimed in the present action.

[6] It by no means follows from this conclusion, however, that the plaintiff is entitled to recover the amount due it by a personal action against the collector. The ordinary suit against a collector of internal revenue, to recover from him taxes paid under protest, is more or less of a fiction. On its face an action against the individual, in reality it is a suit against the United States. Statutes provide for the payment of the verdict after certificate of proper cause by the court. Nevertheless, in such case some foundation of personal liability is necessary, if the action is to be maintained. The collector, as agent of the government, has been notified of the illegality of the collection which he is enforcing, and of the intention to recover the amount from him by action. If he pays the money to his principal without notifying it of the claim, and without withholding the sum or securing its return pending suit, he is personally liable. To impose personal responsibility upon him, it is necessary that he be notified of the proposed suit and thus be enabled to protect himself. If voluntary payment be made, and he be thrown off his guard and pay the sum into the treasury, without opportunity to secure himself, he is not liable.

In the instant case, the plaintiff, without protest, paid certain sums to the collector as its taxes for the years 1916, 1917, and 1918. Pursuant to power conferred upon him by statute (section 252, Revenue Act of 1918 [Comp. St. Ann. Supp. 1919, § 6336⅛uu]), the Commissioner of Internal Revenue made an order for the return to plaintiff of overpayments of taxes for 1916

and 1918, less a certain amount assessed against it by him as still due upon the tax for 1917. In the assessment set-off, he wrongly included, as we find, the sum of $3,315.72. In such case the plaintiff has a cause of action, as we believe, but not against the collector, who had no part in the illegal assessment, and who by no legal fiction could be held liable for the act of the Commissioner. Plaintiff's remedy is by action against the United States, either in the Court of Claims or in this court, under section 24, par. 20, of the Judicial Code (Comp. St. § 991[20]).

Judgment will be entered in favor of the defendant.