**HARRISON et al. v. LEWELLYN.**

District Court, W. D. Pennsylvania. October 27, 1928.

No. 3251.

W. G. Heiner, of Pittsburgh, Pa., for plaintiffs.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and John R. Wheeler and John A. McCann, Sp. Attys. of Bureau of Internal Revenue, both of Washington, D. C., for defendant.

GIBSON, District Judge. This action is closely related, in facts and questions of law involved, with the suit brought by the same plaintiffs against D. B. Heiner, present collector, at No. 3252 Law. (D. C.) 28 F.(2d) 985. The cases were tried together before the court without a jury. Part of the tax which plaintiffs claim was illegally collected was paid to the present collector, and part to the defendant, former collector. The facts in the present action are identical with those in the case of Harrison and Donnally, Receivers, v. D. B. Heiner, at No. 3252 Law, except that findings Nos. 20 and 27 are omitted, and we now refer to the findings of fact in that action, and incorporate them as our findings of fact in this case. For the reasons assigned in the opinion in the action at No. 3252 Law, judgment must be entered in favor of the defendant.

In addition to the reasons assigned in that opinion, it seems clear to us that no action can be maintained against the former collector. The amounts for which plaintiffs have brought suit were paid to the defendant without protest, and no demand for their return was made upon either the defendant or the Commissioner of Internal Revenue prior to the end of defendant's term as collector. Under such circumstances, where tax not legally due has been paid, the remedy is by action against the United States, not by personal action against the former collector. Semple & Co. v. Lewellyn (D. C.) 1 F.(2d) 745; Sage v. U. S., 250 U. S. 33, 39 S. Ct. 415, 63 L. Ed. 828.