[No. 3418.   Jan. 4, 1930.]

[SOUTHERN PAC. RY. CO. v. STATE.]

[284 Pac. 117.]

E. R. Wright, of Santa Fe, and A. H. Hudspeth, of Carrizozo, for plaintiff in error.

J. Frank Curns and J. W. Chapman, both of Santa Fe, for defendant in error.

OPINION OF THE COURT

BICKLEY, C. J.   There is no dispute as to the facts, and but one legal question involved in this case.

Does section 233, c. 133, Laws 1921, require a county treasurer, who discovers that real estate has been omitted in the assessment of any year or number of years, to place said real estate upon the assessment roll for all the omitted years including those in excess of 5 years?

The material portion of said section is as follows:

"If the assessor shall, at any time before the delivery of the assessment roll to the county treasurer, discover that any personal property has been omitted in the assessment of any year, or number of years, and is, at the time of the discovery of such omission, owned or possessed by the same person as was the owner or in possession thereof at the time of such omission, it shall be his duty *to list the same as hereinbefore provided in this article*, in cases where the owner of property has failed to make return thereof, and he shall place the said property and his valuation thereof for every year, *but not more than five years*, during which said property was omitted, upon the assessment roll for the year in which such property is discovered, before delivering the same to the treasurer; and in case such omission of property from the assessment roll has been discovered by the treasurer after the assessment roll has been delivered to him, it shall be his duty to put the same upon the assessment roll in his possession, entering it thereon under the head of Additional Assessments, and he shall extend the taxes thereon as the county assessor might have done if he had discovered such omission before delivering the assessment roll to the treasurer. And in case of the like omission of real estate from the assessment roll for one or more years, like proceedings shall be had without regard to whether the property is still owned by the same person who was the owner at the time of such omission."

Concededly the question involves merely a construction of the statute.

Plaintiff in error argues that laws imposing taxes are to be strictly construed and doubts resolved in favor of the taxpayer, and that therefore the language in the second sentence of the section relating to real estate, that "like proceedings shall be had" as apply to personal property, has the effect to make the 5-year limitation pertaining to personal property applicable also to real estate.

Black on Interpretation of Laws, § 145, states the two views of strict construction in favor of the taxpayer and liberal construction in favor of the public and then announces what we believe is the sound principle. The author says that between these two views lies the truth, and thus states the rule:

"Statutes imposing taxes and providing means for the collection of the same should be construed strictly in so far as they may operate to deprive the citizen of his property by summary proceedings or to impose penalties or forfeitures upon him; but otherwise tax laws ought to be construed with fairness, if not liberality, in order to carry out the intention of the legislature and further the important public interests which such statutes subserve."

In 36 Cyc. Statutes, p. 1190, discussing rules of construction applying to revenue laws, it is stated:

"In pursuance of the beneficient public policy which favors equality in the distribution of the burdens of government, all exemptions of persons or property from taxation are to be construed strictly against the exemption; the intention to create exemptions must affirmatively appear and cannot be raised by implication."

In Black on Interpretation of Laws, p. 510, it is said:

"The right of taxation, like any other power of sovereignty, will not be held to have been surrendered, unless such surrender has been expressed in terms too plain to be mistaken and admitting of no reasonable construction consistent with the reservation of the power."

Ever since 1882 we have had statutes providing for back taxation of omitted property.

By section 4055, Comp. Laws 1897, it was the duty of the assessor to list "any property" which shall be found to be omitted in the assessment of "any year or series of years"; in case of the failure of the assessor in this regard, the collector was required to assess such omitted property as provided in section 4056. Here a classification of personal property and real estate was made. As to personal property, before listing it, the collector must first have a reason to believe that such personal property has not been taxed in any other county for that year. The listing of omitted real estate by the collector was not subject to official discretion.

By the act of March 13, 1913 (Code 1915, § 5466) the foregoing statutes were supplanted so as to provide for assessment of "any property" omitted in the assessment of any year or number of years. No distinction was made between real estate and personal property. For the *proceedings* as to such listing, the tax officials were referred to the provisions of the article in cases where the owner of property has failed to make return thereof. There was

no limitation as to the number of years for which the property might be back taxed.

That section was supplanted by the section we are now considering. By this section, the *power* of the assessor and the collector to list omitted property was continued. A classification of personal property and real estate was again set up.

As to personal property omitted in former years, if it were owned or possessed (at the time of the discovery of the omission) by the same person who owned it at the time of the omission, it was the tax official's duty to list the same as provided in the same article where the owner of property has failed to make return thereof. The power of the assessor as to omitted personal property, by the provision of the act, is exhausted when he has listed such personal property for taxation for five omitted years.

In the case of real estate, like proceedings shall be had, whether the property is still owned by the same person who was the owner at the time of the omission or not. There is no express limitation as to the number of omitted years real estate shall be listed when the discovery of the omission occurs.

We think the language "like proceedings shall be had" applies to the method of listing the property for taxation as provided in the article where the owner of property has failed to make return thereof and was not intended to make the 5-year limitation as to personal property apply to real estate.

The trial court properly concluded that the property involved having been omitted from assessments for 10 years, was properly listed for taxation by the treasurer in 1927 for all the omitted years.

The judgment is affirmed, and the cause remanded, and it is so ordered.

WATSON and PARKER, JJ., concur.

CATRON and SIMMS, JJ., did not participate.