**75 P.2d 701**

**STATE ex rel. ATTY. GEN. v. TITTMANN.**
**No. 4301.**

Supreme Court of New Mexico.

Jan. 17, 1938.

Rehearing Denied Feb. 9, 1938.

Edward D. Tittmann, of Hillsboro, for appellant.

Frank H. Patton, Atty. Gen., and A. M. Fernandez, Asst. Atty. Gen., for appellee..

BRICE, Justice.

This is a companion case to Lougee v.. New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P.2d 6, recently decided, to which reference is made for our decision on certain of the issues in this case, not restated in this opinion.

This is a suit brought by the New Mexico State Tax Commission to recover of the

appellant a tax of 2 per cent. on his gross receipts from fees and retainers as an attorney at law practicing his profession in New Mexico, levied under chapter 7 of N.M.Laws 1934, Sp.Sess., hereafter called "the Sales Tax Act." From a judgment for the plaintiff (appellee here), the defendant (appellant here) has appealed to this court.

For a more complete statement of the nature and purport of the so-called "Sales Tax Act" than will be made here, see Lougee v. New Mexico Bureau of Revenue Commissioner, supra. The contention is that the Sales Tax Act of 1934, under which the tax was levied, is void upon certain constitutional grounds hereafter stated. The title of the act, which clearly described its nature and purpose, is: "An Act to Provide for the Raising of Revenue for Emergency School Purposes by Imposing an Excise Tax Upon the Engaging or Continuing in Business, Professions, Trades and Callings for Profit in This State; Providing For the Levy, Assessment, and Collection of Said Tax; Providing For the Distribution of the Taxes So Collected and Making an Appropriation of the Same; Making Appropriations For the Administration of This Act, and For Refunds of Taxes Unlawfully Collected; Providing Penalties For the Violation of the Provisions of This Act: Repealing Chapter 72, and 115 of the New Mexico Session Laws of 1933, and Declaring an Emergency."

Section 201 is: "There is hereby levied, and shall be collected by the Tax Commission, privilege taxes, measured by the amount or volume of business done, against the persons, on account of their business activities, engaging, or continuing, within the State of New Mexico, in any business as herein defined, and in the amounts determined by the application of rates against gross receipts, as follows."

Then follows classifications and subclassifications of businesses taxed, and the fixing of rates of taxation as a basis for levying a tax against the gross receipts of such enumerated businesses and professions, unnecessary to set out here; but which will be referred to in the opinion where necessary to a proper understanding of the issues.

The agreed facts are as follows: The appellant was engaged in the business of practicing law at Hillsboro in Sierra county, N. M., from May 1, 1934, to June 30, 1935, during which period he received as fees from his law business the gross sum of $2,751.67, of which $279.42 was paid by clients residing out of the state of New Mexico, for professional services performed in the state.

That the defendant has failed and refused, and still refuses to pay a license fee of $1, as provided by section 301, ch. 7, Laws 1934, Sp.Sess., and that no license has been issued to him, and that he has failed and refused and still refuses to pay any license whatever on the gross receipts of his business, as provided by chapter 7,

Laws 1934, Sp.Sess. The defendant has paid $5 for each year of 1934 and 1935, license fee provided by section 2 of chapter 113 of Laws 1927, section 9-210, N.M.Ann. Sts.1929, the material part of which is:

"Every member of the state bar shall, prior to the 1st day of March of each year, pay the secretary-treasurer of the board, as an annual license fee, the sum of $5.00. * * *

"The state treasurer shall keep said moneys in a separate fund to be known as the 'State Bar Fund,' and all moneys in said fund are hereby reappropriated out of the treasury of the State of New Mexico for the use of the board of commissioners of the state bar in carrying out the purpose of this Act, to be disbursed on the order of the board."

The Sales Tax Act provides that no person subject to the act shall continue in business unless he applies to the tax commission for a license, accompanied by a license fee of $1; upon the receipt of which the tax commission is required to issue a license.

Though appellant is required to pay, and has paid, the fee of $5, as provided by section 2, Ch. 113, N.M.Laws 1927, and the license fee of $1 for the issuance of a license, and 2 per cent. of the gross income received from his professional labors as an attorney, he has not suffered double taxation in the prohibitive sense.

Regarding the $5 license tax, it is not exacted as a revenue measure, but is regulatory, designed to raise funds for carrying out the purposes of the act, which created a board of commissioners of the State Bar, and is appropriated by the act to defray the expenses of that board, and never becomes a part of the state revenue. The fee of $1 exacted under the Sales Tax Law is a nominal charge for issuing the license without which persons taxed under the act could not engage or continue in business within the state, and is not for revenue purposes.

But the exaction of double taxation is defined in State v. Ingalls, 18 N.M. 211, 135 P. 1177, 1180, as follows:

"It is also laid down in 37 Cyc. 753, 754, that: 'Double taxation in the objectionable and prohibited sense exists only where the same property is taxed twice when it ought to be taxed but once, and to consider such double taxation the second tax must be imposed upon the same property by the same state or government during the same taxing period.'

"We fully agree with the enunciation of general principles just quoted, and with the further rule that there is no constitutional objection to the levy of a license tax for the privilege of carrying on a particular business and at the same time a tax on the property employed in the business."

"It has been said that there is much room for discussion and difference of opinion as to what really amounts to double taxation. Double taxation in the objectionable or prohibited sense consists of taxing twice, for

the same purpose in the same period, some of the property in the territory in which the tax is laid without taxing all of it. * *" 61 C.J., title, Taxation, § 69.

" 'Double taxation' means taxing twice, for the same purpose, in the same year, some of the property in the territory in which the tax is laid, without taxing all of it. If all the property in the territory on which the tax is imposed is taxed twice and for the same purpose and in the same year without discrimination or exemption, this is not double taxation in the sense that such taxation is objectionable, because, within constitutional limits, if the tax is uniform, the amount of it is in the discretion of the taxing authorities, and it may all be levied at one time, or it may be the subject of several levies." 26 R.C.L., title, Taxation, § 231.

Section 1 of article 8 of the New Mexico Constitution is, "Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class." There is no provision of the New Mexico Constitution which prohibits double taxation if the taxes are equal and uniform upon subjects of the same class; nor does the Federal Constitution afford protection against double taxation by the authorities of a state. Baker v. Druesedow, 263 U.S. 137, 44 S.Ct. 40, 68 L.Ed. 212; Kidd v. Alabama, 188 U.S. 730, 23 S.Ct. 402, 47 L.Ed. 669.

■ The $5 tax in question is levied on all attorneys alike. The $1 tax is not levied upon attorneys as such, but incidentally along with all others taxed by the Sales Tax Act. The imposition of the sales tax for revenue purposes is not prohibited by any provision of the Constitution of the United States or the state merely because a license fee is charged for issuing a license.

■ All of the taxes are equal and uniform upon the several subjects of taxation, and offend no provision of the Constitution of the state or the United States.

■ The appellant points out what he claims to be certain discriminations against those producing oil, gas, and potash and in favor of those who mine other minerals. This is no discrimination against appellant and we know of no reason why he should be permitted to raise the question. One may not complain of discrimination in a tax statute which does not affect him. Ohio Oil Co. v. Conway, 281 U.S. 146, 50 S.Ct. 310, 74 L.Ed. 775. If section 201(A) of the act is unconstitutional by reason of unlawful classification or discrimination, and we should hold it invalid, it would in no wise affect appellant's duty to pay the tax. Section 405 of the act is:

"If any section, sub-section, clause, sentence or phrase of this Act is for any reason held to be unconstitutional, such decision shall not affect the remaining portions of this Act. The Legislature hereby declares that it would have passed the remaining portions of this Act, irrespective of the fact that any such section, sub-section, clause, sentence or phrase of this Act be declared unconstitutional."

The state, in the exercise of its taxing power, is free to select its subjects of taxation. If its classifications for taxation are reasonable, and the tax is equal and uniform on all subjects of the class, it does not offend any provision of the Constitution of the state or that of the United States. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 496, 57 S.Ct. 868, 869, 81 L.Ed. 1245, 109 A.L.R. 1327. We do not find any discrimination against appellant within his class, or that the classification is arbitrary or unreasonable. He is not denied the equal protection of the laws.

The tax in question is not an income tax, Reif v. Barrett, 355 Ill. 104, 188 N.E. 889, but is a privilege or excise tax, State ex rel. Botkin v. Welsh, 61 S.D. 593, 251 N.W. 189; State ex rel. Stiner v. Yelle, 174 Wash. 402, 25 P.2d 91; Moore v. State Board, etc., 239 Ky. 729, 40 S.W.2d 349; Nachman v. State Tax Comm., 233 Ala. 628, 173 So. 25; Frazier v. State Tax Comm., 234 Ala. 353, 175 So. 402, 110 A.L.R. 1479; Wiseman v. Phillips, 191 Ark. 63, 84 S.W.2d 91; Morrow v. Henneford, 182 Wash. 625, 47 P.2d 1016; State ex rel. Missouri, etc., Co. v. Smith, 338 Mo. 409, 90 S.W.2d 405; State Tax Comm. v. Logan, 88 Utah 406, 54 P.2d 1197; Flynn, Welch & Yates, Inc., v. State Tax Comm., 38 N.M. 131, 28 P.2d 889.

Appellant's contention, therefore, that having paid one income tax provided for under a different statute, that a second income tax could not be collected, must fail, even if his proposition of law is correct.

Article 5, § 5, of the Constitution of New Mexico provides that the Governor shall appoint all officers whose appointment or election is not otherwise provided for; and section 2 of article 7 provides the qualifications for such officers. It is contended that the Legislature could not require the seller to collect the tax in question, but that it must be done by some officer of the state; and as the act provides for the collection of the tax by the seller in cases of merchants and others whose gross income is taxed under the statute, the law is unconstitutional. This question has been raised a number of times and was decided favorably to appellant's contention in Re Opinion of the Justices, N.H., 190 A. 801; but it has generally been decided against his contention. Johnson v. Diefendorf, 56 Idaho 620, 57 P.2d 1068; Morrow v. Henneford et al., 182 Wash. 625, 47 P.2d 1016; Wiseman et al. v. Phillips, 191 Ark. 63, 84 S.W.2d 91; Nachman v. State Tax Comm., 233 Ala. 628, 173 So. 25. But the tax here is against the seller.

The provisions of the act, pertinent to this inquiry, are the following:

"Sec. 201. There is hereby levied, and shall be collected by the Tax Commission, privilege taxes, measured by the amount or volume of business done, against the persons, on account of their business activities, engaging, or continuing, within the State of New Mexico, in any business as herein defined, and in the amounts determined by

the application of rates against gross receipts."

"Sec. 204. It is not the purpose of this act that the taxes herein levied on persons engaged in business shall be a tax upon the income of said persons, but it is the intention that such tax shall be considered by persons engaged in business as part of their operating over-head, and shall, as far as possible, be passed on in their cost calculations as such."

"Sec. 304. All taxes levied hereunder shall be due and payable in monthly instalments on or before the 15th day of the month next succeeding the month in which the taxes accrue. The taxpayer, on or before the 15th day of the month next succeeding the month in which the tax accrues, shall make out and file with the Tax Commission a return," etc.

"Section 316. Every tax imposed by this Act, and all increases, interest and penalties thereon, shall become, from the time the same is due and payable, a personal debt due from the taxpayer to the State of New Mexico, and may be collected by action in any District Court instituted in the name of the State by the Attorney-General or any District Attorney, at the request of the State Commission. This remedy shall be in addition to all other existing remedies."

It is provided that the taxpayer (seller) shall remit the amount due by him to the tax commission. The tax here is levied against the seller, and the tax is due to the state tax commission from him alone; from which it would appear that appellant's contention that the seller is made a collector for the state is an error. The tax commission is the collector of the tax.

The appellant urges that the remedies afforded by the statute deny appellant due process of law and therefore the whole act is void under the Fourteenth Amendment to the Federal Constitution. The tax is levied against the taxpayer's gross receipts. It may be presumed that he has exact information of the amount thereof. The amount of the tax fixed by the statute is 2 per cent. of the gross receipts of the taxpayer, and does not depend upon the value of property. If there is any controversy regarding the amount of gross receipts of any taxpayer, then at some stage of the proceedings the law should provide an opportunity for the taxpayer to contest the tax assessed before a competent tribunal (not necessarily a court), before command to pay it becomes final and irrevocable.

"There is no constitutional command that notice of the assessment of a tax, and opportunity to contest it, must be given in advance of the assessment. It is enough that all available defenses may be presented to a competent tribunal before exaction of the tax and before the command of the state to pay it becomes final and irrevocable." Nickey v. Mississippi, 292 U.S. 393, 54 S.Ct. 743, 744, 78 L.Ed. 1323.

"Notice of every step in the tax proceedings is not necessary; the owner is not

deprived of property without due process of law if he has an opportunity to question the validity or the amount of such tax or assessment, either before that amount is finally determined or in subsequent proceedings for its collection." Maxwell v. Page, 23 N.M. 356, 168 P. 492, 494, 5 A.L.R. 155.

 One of the remedies is provided by section 313 of the act and is:

"If any taxpayer feels aggrieved by any action under this Act taken by the Tax Commission, he may apply to the Tax Commission by petition, in writing, within thirty days, or such additional time as may be allowed by the Tax Commission, after the notice of such action is mailed to him, for a hearing and a correction of the action taken by the Tax Commission, in which petition he shall set forth the reasons why a hearing should be granted him and the amount in which any tax should be reduced. The Tax Commission shall promptly consider such petition, and may grant such hearing or deny the same. If denied, the petitioner shall be forthwith notified thereof personally or by mail. If granted, the Tax Commission may make such order in the matter as may appear to it just and lawful, and shall furnish a copy of such order to the petitioner."

The taxpayer under this statute is not given a right to be heard. Whether he may be heard is left to the wisdom, caprice, or arbitrary act of the tax commission. The right should be absolute, and therefore

does not afford due process of law to the taxpayer, Bank of Kentucky v. Stone, C. C., 88 F. 383.

Another remedy is provided to the taxpayer, as follows:

"Section 314. No injunction, or writ of mandamus, or other legal or equitable process, shall issue in any suit, action or proceeding in any court of this state, or against any officer thereof, to prevent or enjoin the collection of any tax, penalty or interest under this Act; but after payment of any such tax, penalty or interest under protest, which protest shall be duly verified by oath and shall set forth the grounds of objection to the legality of the tax, the taxpayer may bring action against the Tax Commission in the District Court of Santa Fe County for the recovery of any tax, interest or penalty so paid under protest. No such action shall be instituted more than sixty days after such payment under protest is made, and failure to bring such suit within said sixty days shall constitute a waiver of said protest and of all claims against the State on account of any illegality in the tax so paid. No grounds of illegality of the tax shall be considered by the court other than those set forth in the protest filed at the time payment is made. Appeals from the final judgment of the District Court may be taken to the Supreme Court by either party in the same manner as appeals in civil cases are taken, except that such appeals must be taken within thirty days from the entry of the

judgment appealed from." Chapter 7; Laws 1934, Sp.Sess.

We held in the case of Lougee v. New Mexico Bureau of Revenue Commissioner, supra, that this statute did not afford a sufficient remedy at law in that case; that the appellant was entitled to a writ enjoining the collection of the tax because of the multiplicity of suits that would be required to protect him while the case was being heard in the several courts. That case, as this, attacked the act as being unconstitutional on a number of grounds. But after the constitutionality of the act has been determined by this court, the constitutional questions there and here decided should ordinarily not be presented again.

Michigan enacted a similar statute with reference to a collection of general taxes, which was construed in Eddy et al. v. Township of Lee et al., 73 Mich. 123, 40 N.W. 792, 796. We quoted from this case liberally in Lougee v. New Mexico Bureau of Revenue Commissioner, supra. A statute of Michigan prohibited the issuance of a writ of injunction, provided for the payment of the tax under protest, and for the taxpayer "within thirty days, and not afterward" to sue the township for the amount so paid, Pub.Acts 1885, No. 153, §§ 42, 107. The court stated:

"The statute, while prohibiting the issue of the writ of injunction to restrain the collection of the tax, has by section 42 of the tax law provided that the tax-payer 'may pay, under protest, to the township treasurer, specifying at the time, in writing signed by him, the grounds of such protest; and the treasurer shall minute the fact of such protest on the tax-roll, and in the receipt given. The person paying under such protest may, within thirty days, and not afterwards, sue the township for the amount paid, and recover, if the tax is shown to be illegal for the reasons specified in such protest.' It is not necessary for us in this case to decide whether such remedy specified by the statute is exclusive of all other common-law remedies. It is enough for our present purpose to know that the party paying the illegal exaction has a remedy at law for recovering it back. Were the whole tax levy in the county illegal, and every taxpayer should resort to the remedy given by this statute to recover it, the wheels of government, state, county, and town, could not be stopped for want of funds; for, although judgments might be obtained to recover back the money paid, yet the sums to be collected to pay such judgments would have to enter into the levy and tax-roll of the next year, and be collected in the usual way before they could be repaid."

The remedy afforded by the New Mexico statute is adequate for the correction of taxes erroneously or illegally assessed, where the constitutionality of the act is not brought in question. Each assessment (except the cases involving the constitutionality of the act) must rest upon its own facts and does not necessarily in-

volve any other monthly assessment. Conceivably a taxpayer may contest the amount of the tax assessed against him each month; but it necessarily becomes a question of fact as to the amount of the gross income of the taxpayer for the month, or this ordinarily would be the only question. A plain, adequate, and speedy remedy is given by the act for the correction of over-assessments or any illegally assessed tax, in the absence of a constitutional objection to the act. Similar statutes have been so construed in the following cases: National Loan, etc., Bank et al. v. Jones et al., 103 S.C. 80, 87 S.E. 482; Casco County v. Thurston County, 163 Wash. 666, 2 P.2d 677, 77 A.L.R. 622, with annotation at page 629; First Nat. Bank of Norman v. Briggs, 104 Okl. 97, 230 P. 860; Cotton v. Blake, 133 Okl. 60, 270 P. 1105; Weatherly v. Cloworth Dev. Co., 63 Okl. 307, 166 P. 156; Bradford v. Snell, 80 Okl. 56, 193 P. 982; Black et al. v. Geissler et al., 58 Okl. 335, 159 P. 1124; Mayor and Council of Nashville v. Smith, 86 Tenn. 213, 6 S. W. 273; Montana Ore Purchasing Co. v. Maher, 32 Mont. 480, 81 P. 13.

Under this statute all penalties, clouding of title, and liens can be avoided by paying the tax under protest and suing to recover it back within sixty days. This affords due process of law.

The judgment of the district court is affirmed. It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.