461 P.2d 924

**NEW MEXICO ELECTRIC SERVICE CO.,**
Plaintiff-Appellant,

v.

Franklin JONES, Commissioner of Bureau of
Revenue of the State of New Mexico and
the Bureau of Revenue of the State of New
Mexico, Defendant-Appellee.

**SOUTHWESTERN PUBLIC SERVICE
COMPANY, Plaintiff-Appellant,**

v.

Franklin JONES, Commissioner of Revenue
of New Mexico Bureau of Revenue,
Defendant-Appellee.

Nos. 328, 329.

Court of Appeals of New Mexico.

Nov. 1, 1969.

Don Maddox, J. W. Neal, Neal & Neal,
Hobbs, Paul W. Eaton, Jr., Hinkle, Bon-
durant & Christy, Roswell, for appellants.

James A. Maloney, Atty. Gen., Santa Fe,
Gary O'Dowd, Asst. Atty. Gen., for appel-
lee.

## OPINION

OMAN, Judge.

These are direct appeals by New Mexico
Electric Service Co., hereinafter called
"New Mexico," and Southwestern Public
Service Co., hereinafter called "South-
western," from orders of the Commissioner
of the Bureau of Revenue, hereinafter
called "Commissioner," denying the claims
of New Mexico and Southwestern for re-
funds of New Mexico income taxes paid
under protest. The appeals were taken
pursuant to § 72–13–39, N.M.S.A. 1953
(Repl.Vol. 10, pt. 2, Supp.1969), (Laws
1966, ch. 30, § 3). The cases involve
identical questions of law, and, therefore,

have been consolidated for purposes of this appeal.

The Income Tax Act was amended on February 26, 1968 by Laws of 1968, ch. 63. In this amendment the definition of "base income" is:

"O. 'base income' of a taxpayer means that part of the taxpayer's income generally defined as federal taxable income and upon which the federal income tax is calculated;"

Section 2 provides: "The provisions of this act are applicable to all taxable income for the year beginning January 1, 1968, and to all taxable years ending after that date."

It is apparent that this amendment eliminated the federal income tax as an item of deduction in arriving at the net taxable income. The problem out of which these cases arise is created by the language of Section 2 relative to the income to which this amendment is applicable.

Both New Mexico and Southwestern pay income taxes on a fiscal year basis, as authorized by our Act and approved by the Commissioner. New Mexico's taxable year, with which we are here concerned, was from April 1, 1967, to March 31, 1968, and Southwestern's taxable year was from September 1, 1967, to August 31, 1968.

The Commissioner takes the position that all income earned in any "taxable year" ending after January 1, 1968, is taxable without deducting therefrom the federal income tax paid on any portion thereof. New Mexico and Southwestern take the position that the federal income tax payable on all income earned prior to January 1, 1968 is deductible.

New Mexico and Southwestern rely upon two points in support of their position. These points are that (1) a correct construction of the language of § 2, ch. 63, Laws of 1968, supra, can lead only to the conclusion that the deduction of federal income tax may properly be deducted from all income earned prior to January 1, 1968, and (2) the construction placed thereon by the Commissioner, if correct, renders this section of the statute unconstitutional as being violative of the equal protection provisions of the United States Constitution (Fourteenth Amendment, § 1) and the New Mexico Constitution (Article II, § 18).

We are of the opinion that the position of New Mexico and Southwestern is correct. We reach this conclusion by considering only their first point. We do not express or suggest an opinion on the second point, since it is unnecessary for us to do so.

"Taxable year" means either the calendar year or the fiscal year upon which the net taxable income is computed. A fiscal year may end on the last day of any month other than December. Laws of 1968, ch. 63, § 1 (I) (J). Thus, if the Commissioner's position were correct, some taxpayers—those paying on a calendar year basis—could properly deduct federal income taxes payable on all income earned during 1967. Those paying on a fiscal year basis could properly deduct federal income taxes payable on their 1967 income for a period of from 1 to 11 months, depending upon the particular twelve-month period included in their taxable year. In the cases now before us, New Mexico was required by the Commissioner to pay taxes on nine months of its 1967 income, without deducting the federal income taxes payable thereon, whereas Southwestern was required to pay taxes on only three months of its 1967 income upon which it was required to pay federal income taxes.

If the intention of the Legislature had been to make the tax retroactively applicable to all income earned during any taxable year ending after January 1, 1968, the only language required was: "The provisions of this act are applicable to all * * * taxable years ending after" January 1, 1968.

However, it is expressly provided that: "The provisions of this act are applicable to all taxable income for the year beginning January 1, 1968, * * *." This language serves no purpose and is of no significance if the Commissioner's interpretation is cor-

rect, since "taxable years" includes both calendar and fiscal years.

In our opinion, more than one meaning may properly be ascribed to the language used in § 2, ch. 63, supra. The subject and predicate of the sentence in question clearly refer to two separate objects, things or conditions, one of which is unnecessary and of no significance regardless of whether the Commissioner's interpretation or the interpretation by New Mexico and Southwestern be accepted. This creates an ambiguity. According to Merriam-Webster, Third New International Dictionary, Unabridged (1966), ambiguity is "the condition of admitting of two or more meanings, of being understood in more than one way, or of referring to two or more things at the same time * * *"

In Orr Ditch & Water Co. v. Justice Court of Reno Tp., 64 Nev. 138, 178 P.2d 558 (1947), the Nevada court cited with approval the following from Crawford on Statutory Construction, which applies to the construction of statutory language which is ambiguous or susceptible to more than one construction:

> "'Since all statutes must be interpreted before they can be applied, might not the rule be announced that all statutes are subject to construction, and if there be more than one possible construction, that meaning will be adopted which most reasonably seems to be the one intended by the legislature, after the court has considered all intrinsic and extrinsic aids? Since in practice this largely represents the method actually pursued by the court in its search for the legislative intent, there should be no real objection to recognizing that which already is a reality.

> "'And what is it that most reasonably represents the legislative intent, where a statute is susceptible to two or more interpretations? Everything being equal in other respects, that interpretation should surely be accepted by the courts as constituting the one intended by the law-makers, which operates most equita-

bly, justly and reasonably as determined by our existing standards of proper conduct and by our conceptions of what is right and what is wrong, of what is just and what is unjust. * * * our law-makers must be presumed to legislate for the equal benefit of all persons as judged in the light of our standards of proper human conduct and relationship. In the second place, at best, the legislature can only lay down general rules to cover classes of cases. The application of the law to specific controversies must be left largely to the courts, with a discretion to include or exclude the specific controversy in litigation from the operation of the statute.'"

Where an ambiguity or doubt exists as to the meaning or applicability of a tax statute, it should be construed most strongly against the taxing authority and in favor of those taxed. "Probably the best explanation for [this] rule [of construction] is to be found in the theory of securing equality and uniformity in the imposition of the tax burden. * * *" 3 Sutherland, Statutory Construction § 6701 (3d Ed. Horack 1943). See also, Paul v. Commissioner of Internal Revenue, 206 F.2d 763 (3d Cir. 1953); Hawaiian Freight Forwarders v. Commissioner of Internal Revenue, 196 F. 2d 745 (9th Cir. 1952); Simms v. Los Angeles County, 35 Cal.2d 303, 217 P.2d 936 (1950); Giebelhausen v. Daley, 407 Ill. 25, 95 N.E.2d 84 (1950); Goldstein v. School Dist. of Pittsburgh, 372 Pa. 188, 93 A.2d 243 (1952); Allphin v. Louisville and Nashville R. Co., 290 S.W.2d 787 (Ky.Ct.App. 1956); County Bd. of Equalization, Pittsburgh County v. Muskogee Industrial Finance Corp., 357 P.2d 224 (Okl.1960).

The Commissioner particularly relies upon the following language from Southern Pac. Ry. Co. v. State, 34 N.M. 479, 284 P. 117 (1930):

> "* * * tax laws ought to be construed with fairness, if not liberality, in order to carry out the intention of the legislature and further the important public interests which such statutes subserve."

Immediately following the quoted language, which is a portion of a rule of construction as stated in "Black on Interpretation of Law, § 145," the court quoted the following with approval from 36 Cyc. Statutes, p. 1190:

"In pursuance of the beneficent public policy which favors equality in the distribution of the burdens of government, all exemptions of persons or property from taxation are to be construed strictly against the exemption; the intention to create exemptions must affirmatively appear and cannot be raised by implication."

■ This is consistent with the general object of requiring the tax burden to fall with uniformity and equality upon the class of persons sought to be taxed. Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P.2d 105 (1965); State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701 (1938); 3 Sutherland, § 6703, supra. With certain specified exemptions, the class, upon whose net income the tax in question is imposed, is:

"* * * every resident individual and every domestic corporation * * * and every foreign corporation and every non-resident individual employed or engaged in the transaction of business in, into or from this state, or deriving any income from any property or employment within this state."

Sections 72–15A–3, 72–15A–4 and 72–15A–4.1, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1969).

■ Equality and uniformity in the imposition of the New Mexico Income Tax was very easily accomplished in this case by simply providing, as the statute in question does provide, that: "The provisions of this act are applicable to all taxable income for the year beginning January 1, 1968 * * *." This is the construction urged upon us by New Mexico and Southwestern. Under this construction, inequality, lack of uniformity and injustice are avoided. This is a desired result to be obtained in statutory construction. See State ex rel. State

Highway Comm. v. Board of County Com'rs of Dona Ana County, 72 N.M. 86, 380 P.2d 830 (1963); Johnson v. State Tax Commission, 17 Utah 2d 337, 411 P.2d 831 (1966).

■ If the construction placed on the statute by the Commissioner were accepted, all persons paying on a calendar year basis would be completely exempt from paying taxes on that portion of their 1967 income which was payable as federal income taxes, while those paying on a fiscal year basis would receive a like exemption only for a period of from 1 to 11 months, depending upon when their fiscal year began during 1967. This result is directly contrary to the "beneficent public policy which favors equality in the distribution of the burdens of government, * * *"; flies in the face of the rule of construction which requires "* * * all exemptions of persons or property from taxation * * * to be construed strictly against the exemptions * * *" [see Southern Pac. Ry. Co. v. State, supra; 3 Sutherland, § 6701, supra. Compare John B. Semple & Co. v. Lewellyn, 1 F.2d 745 (W.D.Pa.1924)]; and accomplishes inequality, lack of uniformity and injustice, which are to be avoided in statutory construction [see State ex rel. State Highway Comm. v. Board of County Com'rs of Dona Ana County, supra; Orr Ditch & Water Co. v. Justice Court of Reno Tp., supra; Johnson v. State Tax Commission, supra].

The orders of the Commissioner should be reversed, and the Commissioner ordered to make refunds to New Mexico and Southwestern in amounts consistent with the Stipulation of Facts entered in the respective cases and with this opinion.

It is so ordered.

SPIESS, C. J., concurs.

WOOD, Judge (specially concurring).

I agree with the result; I disagree with the basis for that result.

The fundamental rule of construction is to ascertain and give effect to the intention

of the Legislature. State v. Chavez, 77 N. M. 79, 419 P.2d 456 (1966). We are not to apply rules of construction to override an intent which is clear and plainly appears. State v. Ortega, 77 N.M. 312, 422 P.2d 353 (1966).

The first clause of the questioned section (Laws 1968, ch. 63, § 2—quoted in the majority opinion) plainly provides the deduction may not be applied against taxable income after January 1, 1968. The majority opinion applies that intent. The second clause of this section just as plainly provides the deduction may not be applied against income for taxable years ending after January 1, 1968. The intent is clear. Compare Laws 1965, ch. 202, § 17. The majority opinion disregards the intent expressed by this second clause.

The majority opinion finds an ambiguity in the questioned section because " * * * more than one meaning may properly be ascribed to the language used * * *." Certainly there is more than one meaning. There are two clauses and each clause expresses a different concept. This, however, does not mean the language is ambiguous. The intent of the Legislature was to enact both concepts.

The difficulty arises in relating the clauses to one another. The language used is inept. The first clause limits the elimination of the deduction to taxable income after January 1, 1968. The second clause achieves the same result and to this extent is a duplication. The second clause also eliminates the deduction for fiscal year taxpayers against income earned prior to January 1, 1968.

Wooten v. Hall, 442 P.2d 334 (Okl.1968) states:

" * * * An inept or incorrect choice of words will not be construed or applied in such manner as to destroy the real and obvious purpose of a legislative enactment. * * *"

Where the intent is clear it should be carried out even though it may be necessary to strike out words. Parker v. Continental Casualty Co., 191 Kan. 674, 383 P.2d 937 (1963); Pressman v. State Tax Commission, 204 Md. 78, 102 A.2d 821 (1954). Words which are meaningless may be rejected as surplusage. State Board of Education v. Commission of Finance, 122 Utah 164, 247 P.2d 435 (1952).

Because the majority opinion disregards the legislative intent and finds a non-existent ambiguity, I disagree with the basis for the majority opinion.

Although the Legislature clearly intended to eliminate the deduction for all fiscal years ending after January 1, 1968, it did so in violation of the constitution. The provision violated is that of equal protection of the law.

I recognize that absolute equality of tax treatment is not required. Albuquerque Metropolitan Arroyo Flood Control Authority v. Swinburne, 74 N.M. 487, 394 P.2d 998 (1964). Thus, inequality in the incidence (applicability to the taxpayer) of a tax doesn't, as a general proposition, make the provision unconstitutional. See Lionberger v. United States, 371 F.2d 831, 178 Ct.Cl. 151 (1967); Neuss, Hesslein & Co. v. Edwards, 30 F.2d 620 (2nd Cir. 1929).

The statute makes a distinction between calendar year and fiscal year taxpayers. The appeal questions whether this classification is reasonable. See Sunset Package Store, Inc. v. City of Carlsbad, 79 N.M. 260, 442 P.2d 572 (1968). In tax matters, the Legislature possesses the greatest freedom in classification. Michael J. Maloof & Co. v. Bureau of Revenue, 80 N.M. 485, 458 P. 2d 89 (1969). Accordingly, I assume the classification between calendar and fiscal year taxpayers is not unconstitutional.

However, there must be uniformity of treatment within each class. Community Public Service Co. v. New Mexico Public Service Comn., 76 N.M. 314, 414 P.2d 675 (1966); Burch v. Foy, 62 N.M. 219, 308 P. 2d 199 (1957). If fiscal year taxpayers are a class, the second clause of the questioned section is unconstitutional because fiscal year taxpayers are not treated uniformly. Some taxpayers may utilize the deduction

for as much as eleven months; others for as little as one month.

I would hold the second clause of the questioned section does not accord equal treatment to members of the same class. See Territory v. Pinney, 15 N.M. 625, 114 P. 367 (1910); compare Burch v. Foy, supra.

In my opinion a portion of the law (the second clause) is void. However, the first clause can still be given effect. See State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct. App.), decided September 19, 1969. On this basis, the appellants are entitled to deduct federal income tax paid on income prior to January 1, 1968. Thus, I agree with the result.