478 P.2d 560

**ALBUQUERQUE NATIONAL BANK, Trustee under Trust Indenture, dated February 17, 1958, Protestant-Appellant,**

v.

**COMMISSIONER OF REVENUE, State of New Mexico, Appellee.**

No. 513.

Court of Appeals of New Mexico.

Dec. 4, 1970.

John P. Dwyer, Albuquerque, for protestant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Richard J. Smith, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

N. M. Laws 1968 (S.S.), ch. 2, authorized a county income surtax on "individual" residents. It is hereinafter referred to as the surtax statute. The issue is whether "individual" includes a trustee under a trust indenture.

The authority under Section 1 of the surtax statute is:

"* * * to impose a county income surtax up to a maximum of fifty percent of the income tax imposed by the Income Tax Act upon all individual residents in the county, provided that the county income surtax shall not apply to corporations."

In 1968, pursuant to this authorization, a surtax of 43% of income tax paid under the Income Tax Act [§§ 72–15A–1 to 72–15A–44, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1969)], was proposed to and approved by the voters of Bernalillo County. The Bank, as trustee under a trust indenture, failed to pay the surtax. It took the position that in its capacity as trustee it was not an "individual" under the surtax statute. The Commissioner disagreed with the Bank's contention and ruled that the Bank, as trustee, was liable for the surtax. A direct appeal was taken to this court. Section 72–13–39, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1969).

The surtax statute does not define "individual." Our approach, then, must be to try to ascertain the intent of the Legislature in using the word "individual" since the fundamental rule of statutory construction is to give effect to the legislative intent. State v. Chavez, 77 N.M. 79, 419 P. 2d 456 (1966); see concurring opinion in New Mexico Electric Service Co. v. Jones, 80 N.M. 791, 461 P.2d 924 (Ct.App.1969).

The Income Tax Act defines "individual." Section 72–15A–2(f), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1969). This definition would include the Bank, as trustee. The Commissioner asserts the Legislature intended to apply the definition of "individual" in the Income Tax Act when it used "individual" in the surtax statute. The Commissioner takes two general approaches in support of his contention.

First, the Commissioner points out that the Legislature has enacted a comprehensive taxing scheme. The Income Tax Act,

which defines "individual," is a part of this scheme. He contends the surtax statute is a detail of the legislative plan to tax income, pointing out that the surtax statute contains internal references to the Income Tax Act. He asserts the overall taxing plan, the surtax statute as a detail of that plan and the internal references to the Income Tax Act in the surtax statute show a legislative intent to apply the definition of "individual" in the Income Tax Act to the surtax statute.

The most we can say for this argument is that it leaves considerable doubt as to the legislative intent. There is doubt as to the surtax statute being a part of a comprehensive taxing plan since it is in effect a "one-shot" tax. The authorization for this tax is limited to the 1968 calendar year and fiscal years commencing in 1968. There is doubt that the surtax statute is a detail of a state income tax since the State is not a recipient of the surtax; it goes to local school boards. There are references to the Income Tax Act in the surtax statute. These references: (1) place a maximum on the surtax by reference to income tax imposed by the Income Tax Act, and (2) provide for collection of the surtax in the same manner and at the same time the state income tax is collected. Doubt exists that these references show a legislative intent to apply the definition of "individual" in the Income Tax Act to the surtax statute since the Legislature defined "resident" in both the Income Tax Act and the surtax statute, but defined "individual" only in the Income Tax Act. Since the Legislature took the trouble to define one of the terms used, why didn't they define their other terms—such as "individual"?

With these doubts, it is as reasonable to conclude that the lack of definition of "individual" in the surtax statute is as much a drafting oversight as it is to conclude that there was an intent that the definition in the Income Tax Act should apply to the surtax statute.

Second, the Commissioner invokes various rules of statutory construction to arrive at the legislative intent. Only one of these rules requires discussion. The others are not discussed since they are argued on the mistaken assumption that we are concerned here with an exemption from taxation. This is a mistaken assumption because the issue here is whether the surtax statute, by authorizing the imposition of a surtax upon "individual" residents, has authorized a surtax upon the Bank, acting as a trustee.

The rule of construction requiring discussion is "pari materia." Generally speaking, this phrase means "of the same matter" or "on the same subject." Black's Law Dictionary (4th Ed.1951). This rule of construction may be used in ascertaining legislative intent. State v. Chavez, supra. The rule is used to construe different sections of the same legislative enactment, New Mexico Glycerin Co. v. Gallegos, 48 N.M. 65, 145 P.2d 995 (1944), and to construe separate laws enacted in the same legislative session, State v. Chavez, supra; Vermejo Club v. French, 43 N.M. 45, 85 P.2d 90 (1938). That is not the situation here; the Income Tax Act and the surtax statute were enacted at different legislative sessions.

However, the New Mexico Supreme Court has utilized the rule in construing statutes enacted at different legislative sessions. In re Gossett's Estate, 46 N.M. 344, 129 P.2d 56 (1942), involved a general statute on descent and distribution enacted in 1899 and a pretermission statute enacted in 1901. The opinion states: " * * * The subject of all these statutes is the descent of the property of decedents. They are in pari materia and should be construed together * * *." Because of *Gossett*, supra, we proceed on the basis that the rule of pari materia may be applied in constructing statutes enacted at different legislative sessions.

Applying the rule to the two statutes involved here, the question is to what extent are they in pari materia? Both apply to taxation, to income taxation, to the amount of the tax and to its collection. Because

both of the statutes apply to the same subject to this extent, the rule supports the Commissioner's argument. It is plausible, under the rule of pari materia, that the legislative intent was to apply the definition of "individual" in the Income Tax Act to the use of "individual" in the surtax statute. Yet, doubt as to this intent remains because in enacting the surtax statute the Legislature defined "resident" but did not define "individual."

At this point, however, we will assume that by applying the rule of pari materia we have a basis for determining legislative intent. This is a rule of general application. Application of the general rule is prevented by a specific rule applicable to statutes which impose taxes. New Mexico Electric Service Co. v. Jones, supra, states: "Where an ambiguity or doubt exists as to the meaning or applicability of a tax statute, it should be construed most strongly against the taxing authority and in favor of those taxed. * * *" Field Enterprises Educational Corp. v. Commissioner of Revenue, 82 N.M. 24, 474 P.2d 510 (Ct. App.1970), states: "* * * Any doubtful meaning or intent of a tax statute must be resolved against the State and in favor of the taxpayer. * * *"

Doubt exists as to the legislative intent to apply the definition of "individual" in the Income Tax Act to the use of "individual" in the surtax statute. Accordingly, the definition of "individual" contended for by the Commissioner will not be applied.

Up to this point we have done no more than reject the contention that the definition of "individual" in the Income Tax Act should be applied to the surtax statute. We must still determine the meaning of "individual" as used in the surtax statute. The applicable rule has two aspects: (1) legislative intent is to be determined primarily by the language in the Act, and (2) the words used are to be given their ordinary meaning unless a different intent is clearly indicated. Winston v. New Mexico

State Police Board, 80 N.M. 310, 454 P.2d 967 (1969). This rule has been applied in determining the meaning of a tax statute. Reed v. Jones, 81 N.M. 481, 468 P.2d 882 (Ct.App.1970).

We have previously pointed out that the surtax statute defines "resident." Section 1 of the surtax statute states:

"'Resident' means an individual who is domiciled in the county during any part of the taxable year; but any person who on or before the last day of the taxable year changed his place of abode to a place without the county with the bona fide intention of continuing actually to abide permanently without the county shall be considered a nonresident for purposes of this act."

We note that "individual" and "person" appear to be used in the same sense. Definitions of these two words in Webster's Third New International Dictionary, Unabridged (1966), show they may mean, respectively, a "single being" and an "individual human being." However, "individual" may also mean "a single group of beings or things." "Person" may also mean a legal entity that is recognized by law. Compare Gonzales v. Oil, Chemical and Atomic Workers Intern. Union, 77 N. M. 61, 419 P.2d 257 (1966). To determine the meaning to be attributed to them we look to the context in which they are used. They are used in connection with "domicile," "abode," "abide"; words which ordinarily mean dwelling, home, the residence of an individual or family. In this context, "individual" in the surtax statute means an individual human being, it does not include the Bank, acting as trustee.

The ruling of the Commissioner is reversed since it is incorrect as a matter of law. The case is remanded to the Commissioner with instructions that further proceedings be consistent with this opinion.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.