184 P.2d 434

CARLSBAD BROADCASTING CORPORATION v. BUREAU OF REVENUE et al.

No. 4985.

Supreme Court of New Mexico.

Aug. 11, 1947.

Rehearing Denied Sept. 10, 1947.

James W. Stagner and George L. Reese, Jr., both of Carlsbad, for appellant.

C. C. McCulloh, Atty. Gen., Thomas C. McCarty and Robert V. Wollard, Asst. Attys. Gen., Louis C. Lujan, Sp. Asst. Atty. Gen., and Harry L. Bigbee, of Santa Fe, for appellees.

BRICE, Chief Justice.

This action was brought by appellant to recover for cash paid appellee under protest, for taxes, penalties and interest assessed against it under Art. 14, N.M.Sts. 1941, known as the "Emergency School Tax Act," and for a judgment declaring that tax act to be unconstitutional if applied to gross receipts from appellant's broadcasting business; and to enjoin the appellee from assessing or collecting such taxes. This is a companion case to Albuquerque Broadcasting Co. v. Bureau of Revenue, 51 N.M. 332, 184 P.2d 416, and Landis v. Ormsbee, Comm'r of Revenue, 51 N.M. 358, 184 P.2d 433.

The appellant is a New Mexico corporation engaged in the business of radio broadcasting with 250 watts power, at Carlsbad, New Mexico, under a license issued by the Federal Communications Commission. It broadcasts advertising programs for pay, and other programs of general interest to sustain the advertisements, for which it receives no direct remuneration. Its advertising is of two types, (1) national spot advertising, which is a program supplied by

national advertisers and reaches the studio of appellant for broadcasting by phonograph records or transcriptions transmitted in interstate commerce direct to the studio and there broadcast; (2) local advertising programs which originate in appellant's studio and consist of announcements with regard to the advertiser's business or products, made by the station's regular announcers, or speeches and announcements made personally by the purchaser of time.

There are listeners not only in New Mexico, but in the state of Texas, particularly in Culberson, Reeves, Loving, Winkler, Andrews, Ward, Gaines and Yoakum counties.

The "primary trade territory" served by appellant embraces all of Eddy county and parts of Otero and Lea counties in New Mexico, and parts of Culberson, Reeves and Loving counties in the state of Texas. The population of this territory is 35,000 in New Mexico and 500 in Texas.

The "secondary trade territory" served by appellant covers the counties of Eddy, Chaves and Lea and parts of Lincoln, Otero and Roosevelt in New Mexico, with a population of about 90,000; and all of the counties of Loving, Reeves and Winkler, and a part of the counties of Culberson, Andrews, Ward, Gaines and Yoakum in Texas, with a population of about 30,000. Many thousands of tourists who annually visit the Carlsbad Caverns National Park, located 27 miles from the city of Carlsbad, have radio receiving sets in their automobiles and listen to radio programs broadcast by appellant while they are traveling towards Carlsbad from points in Texas.

Contracts from advertisers are solicited on the basis of the primary and secondary trade territories above mentioned. The purchasers of time for radio advertising programs do so with the desire to reach all listeners in these territories.

Approximately ten percent of appellant's gross receipts are derived from purchasers of national spot advertising such as have been described; and the remaining ninety percent are derived from purchasers of advertising of a local nature hereinbefore ·described.

█ The admissions of appellee regarding the "secondary trade territory" served by appellant are not easily understood. The phrase "secondary trade territory" is not definite. We take notice judicially that the Texas state lines are about 70 miles east and 30 miles south from Carlsbad. That there are important trading points in Chaves, Lea, Lincoln and Otero counties in New Mexico, and in all the Texas counties named as being within the Carlsbad "secondary trade territory," also, that northern Eddy county's principal trading point is Artesia. The "secondary trading territory" must be of little significance to Carlsbad.

Local advertising programs originate in appellant's studio in Carlsbad, New Mexico. The contracts between appellant and its patrons, who ultimately pay the tax, and who are residents of New Mexico, are made in New Mexico. The businesses advertised are operated in New Mexico where their merchandise and products are sold. Radio speeches heard are regarding New Mexico politics, or other matter of local interest only. The only interstate feature connected with the transaction is the fact that the advertisements cross state lines, although it is evident that the listeners who are patrons of New Mexico businesses are nearly all residents of New Mexico. Those persons, whose receiving sets are in New Mexico, listening to appellant's broadcasts are listening to intrastate communications regarding intrastate business.

■ Interstate commerce is not burdened with the tax, nor is there discrimination against it. It would be impossible to tax the same activities in another state. In view of these conclusions, and of the local incidents mentioned, the case is brought within Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82 L. Ed. 823, 115 A.L.R. 944, affirming 41 N.M. 141, 65 P.2d 863; McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S. Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876; Nelson v. Sears, Roebuck & Co., 312 U.S. 359, 61 S.Ct. 586, 85 L.Ed. 888, 132 A.L.R. 475; Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229; General Trading Co. v. State Tax Commission, 322 U.S. 335, 64 S.Ct. 1028, 88 L.Ed. 1309; International Harvester Co. v. Department of Treasury, 322 U.S. 340, 64 S. Ct. 1019, 88 L.Ed. 1313.

All other questions have been determined by Albuquerque Broadcasting Co. v. Bureau of Revenue supra.

In view of appellant's admission that ninety percent of its business is local, the judgment should be reformed accordingly.

The judgment is reversed and cause remanded with instructions to the District Court to set aside its judgment and enter judgment for appellee consistent herewith.

It is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.

On Motion for Rehearing

BRICE, Chief Justice.

All questions raised by the appellant on motion for rehearing have been determined in our opinion on motion for rehearing in Albuquerque Broadcasting Company v. Bureau of Revenue, 51 N.M. 332, 184 P.2d 416.

The motion for rehearing is denied.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.