184 P.2d 433

**LANDIS v. ORMSBEE.**

No. 4997.

Supreme Court of New Mexico.

Aug. 11, 1947.

Bureau of Revenue, 51 N.M. 332, 184 P.2d 416, and Carlsbad Broadcasting Corp. v. Bureau of Revenue, 51 N.M. 360, 184 P.2d 434. The facts and questions involved are substantially identical, except that appellant's broadcasting plant is situated at the City of Clovis within nine miles of the Texas border, whereas the Albuquerque plant is situated near the center of the state and presumably the limits of the state are beyond Albuquerque's trade district. The range and power of appellant's station are not stated in the findings.

All taxes assessed against gross receipts from broadcasts by appellant, originating in other states and communicated to it by telephone or otherwise from other states, are void under our decision in Albuquerque Broadcasting Co. v. Bureau of Revenue, supra.

While the present tax is a charge against appellant as between him and the state (State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701) the statute provides that "it shall be unlawful for any person engaged in any business or profession to directly advertise that any tax imposed by this act is not considered as an element of the price of property sold or service rendered." Sec. 76-1406, subd. B, N.M.Sts.1941.

This statute, while rather indefinite, indicates a policy on the part of the state to permit sellers or those performing taxa-

James J. McNamara, of Clovis, for appellant.

Harry L. Bigbee and Louis C. Lujan, both of Santa Fe, for appellee.

BRICE, Chief Justice.

The question is whether the appellant, who operates a radio broadcasting station at Clovis, New Mexico, is liable to the emergency public school tax provided for by Art. 14, N.M.Sts.1941. This is a companion case to Albuquerque Broadcasting Co. v.

ble service to add the tax to the price and collect it from the purchaser or the one for whom services are performed, who are the ultimate payers.

■ All local broadcasts made direct from appellant's studio in Clovis under advertising contracts made in New Mexico for advertising businesses in New Mexico for local customers who ultimately pay the tax, are within Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944, affirming 41 N.M. 141, 65 P.2d 863. The local incidents stated are as adequate to support the tax as those held sufficient in Western Live Stock v. Bureau of Revenue, supra; McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876; Nelson v. Sears, Roebuck & Co., 312 U.S. 359, 61 S.Ct. 586, 85 L.Ed. 888, 132 A.L.R. 475; Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229; General Trading Co. v. State Tax Commission, 322 U.S. 335, 64 S.Ct. 1028, 88 L.Ed. 1309; International Harvester Co. v. Department of Treasury, 322 U.S. 340, 64 S.Ct. 1019, 88 L.Ed. 1313.

All other questions are settled by our opinion in Albuquerque Broadcasting Co. v. Bureau of Revenue supra.

The judgment is reversed and cause remanded with instructions to the district court to grant a new trial and proceed to hear said cause anew, and determine the issues not inconsistent herewith.

It is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.