[No. 899. August 28, 1902.]

## B. F. LASSWELL, Appellant, v. ERNEST KITT, Appellee.

### SYLLABUS.

1. When plaintiff fails to amend a complaint by leave of court given, and is in default of such pleading, on application of defendant, it is the duty of the court to dismiss the case.

2. A default will not be set aside unless for good reasons shown.

3. A court of equity will not assume jurisdiction where there is an adequate remedy at law.

Appeal from the district court of Socorro county, before FRANK W. PARKER, Associate Justice. Affirmed.

F. R. CONWAY and OSCAR A. APPEL for appellant.

The relocation of mining grounds presupposes a prior valid location, without which there can not be a valid relocation; and the relocator admits the validity of the prior location.

> 1 Lindley on Mines, 404; Wills v. Blain, 5 N. M. 238; where the term "relocation" is defined; Belk v. Meagher, 104 U. S. 284.

The annual labor is presumed to have been performed, and the burden of proving the contrary is upon the party alleging it.

Johnson v. Young, 18 Col. 625, 34 Pac. 173 ;
Quigley v. Gillett, 101 Cal. 462, 35 Pac. 1040.

If A and B agree orally to locate mining claims in common, and a location is made in pursuance of such agreement, in the name of either, the interest of the other is not prejudiced by the fact that his name does not appear upon the location notice as a locator.

Eberle v. Carmichael, 8 N. M. 169 and 696, 42 Pac. 95 and cases cited ; also 47 Pac. 717.

If as a matter of law defendant's position is correct, such an objection is properly presented by motion to strike from the files and not by demurrer.

Phillips on Code Pleading, 279 ; Bliss on Code Pleading, 422.

"The only grounds for demurrer under the new procedure are those specified by the codes of the several states."

Phillips on Code Pleadings, 289 ; Bliss on Code Pleading, 404.

If a cause of action is stated whether the same would have been denominated legal or equitable under the old procedure, the relief to which plaintiff shows himself entitled, will be granted irrespective of the prayer.

Phillips on Code Pleading, 220 ; Bliss on Code Pleading, 162-3.


A. H. HARLLEE for appellee.


Even though imperfections and defects are found to exist as to the form of the demurrer, the same should not operate to defeat the judgment of the court thereon.

Code, subsections 85 and 86.

One of the essential elements of a location under our statute is that "the notice thereof state the name or names of the locator or locators, his or their intention to locate the mining claim."

Sec. 2286, Compiled Laws 1897.

If any of the allegations of the bill are ambiguous

they are to be construed strongly against the plaintiff. A demurrer only admits facts well pleaded. It does not admit matter of inference and argument however clearly stated.

Lockhart v. Leeds, 63 Pac. 48. •

OPINION OF THE COURT.

BAKER, J.—This cause comes on appeal from the county of Socorro, Fifth judicial district.

There are two propositions presented by the appellant: First, was the cause properly dismissed by the trial court? Second, did the court err in sustaining the demurrer to the complaint? If there was no error in the trial court's action in dismissing the cause, that determination would dispose of the second proposition.

The record discloses the facts that on the tenth day of May, 1900, a demurrer was filed to the amended complaint; that on the seventeenth day of August, 1900, a stipulation was made by the attorneys and filed with the clerk of the court, to the effect that the said demurrer should be considered by the judge of said court upon written briefs submitted by the respective parties, which was done; and, on the 20th day of August, 1900, the court made the following order: "This cause coming on to be heard upon defendant's demurrer, the same having been submitted upon briefs of respective counsel, upon consideration of the same, said demurrer is sustained as to each and every ground thereof, to which ruling of the court the plaintiff excepts. It is further ordered that plaintiff have until the first day of October, 1900, within which to amend his pleadings." On the second day of October, 1900, a certificate of the clerk of the court was filed, stating that no amended pleading had been filed by appellant. On the same day the appellees filed a motion for a judgment of dismissal of said cause by virtue of said default. On the fifth day of October, 1900, a judgment was signed, filed and en-

tered in said cause, reciting "that on the twentieth day of August appellant was granted leave to amend his pleading on or before the first day of October, 1900, and that it appearing from the certificate of the clerk of the court on file that no amended pleading has been filed herein by appellant; the court being advised in the premises dismisses the appellant's complaint." On the seventeenth day of October, 1900, appellant filed in the office of said clerk a motion to vacate and set aside the said judgment of dismissal. On the twenty-third day of October, 1900, appellant filed his supplemental motion stating therein that he "has a meritorious cause of action." From the record we find that on the date of the order sustaining the demurrer to the complaint that the clerk of the court notified appellant and appellee of the action of the court and of the time fixed by the court within which appellant could amend his complaint. At the time the motion was filed for a judgment of dismissal of appellant's complaint, it was clearly the duty of the court to grant such judgment. The only question arising then, is, did appellant show sufficient grounds to set aside the default thus adjudged? Section 3001, C. L. of N. M., 1897, provides that default may be set aside on motion, on such terms as the court may deem just, if a reasonable excuse is shown for having made such default. It was a matter largely in the discretion of the trial court whether or not the excuse presented by appellant was a reasonable one, and we must concur with the trial court in the fact that no reasonable excuse was offered for such neglect in filing the amended complaint as required by the order of the court. The record in the case also discloses that the judgment of dismissal was rendered in vacation. Section 2685, subsec. 134, C. L. 1897, provides that "no motion to set aside any finding or judgment rendered out of term time shall be entertained unless it shall be filed and a copy thereof served upon the opposite party within ten days after the

entry of such finding or judgment." The trial court might have held the party strictly to the rule laid down in this section, or might have concluded that there was no reason given for the neglect to file the amended complaint within the time required. But in either case it was not an abuse of discretion. We are, therefore, of the opinion that there was no error in the action of the court dismissing the amended complaint.

The sustaining of the lower court in its judgment of dismissal disposes of the appeal. However, to show that the court was not harsh in thus summarily disposing of the case, we think the court was clearly right in sustaining the demurrer to the amended complaint. The complaint alleges that appellant, appellee, Kitt, and one Weatherby, by agreement on the twenty-sixth day of October, 1893, made a location upon the land in controversy, and also that they fully and completely complied with the law in all respects to obtain title to said land; that while said location was in full force and effect, on the thirteenth day of May, 1898, appellee entered upon said land and undertook to make a location of the land by posting notices, etc. If these allegations in appellant's complaint are true—and for the purposes of this case they must be taken as true—then the appellant could have recovered possession of said land in an action at law. "Ejectment lies against a cotenant, or a grantee of a cotenant, attempting to hold adversely to his cotenant." Lockhart v. Leeds, 63 Pac. 48. "Prior possession under such circumstances is sufficient to maintain ejectment." Lockhart v. Leeds, supra, citing the following cases: Freeman, Coten., sec. 290; Christy v. Scott, 14 How. 282; 14 Law Ed. 422; Burt v. Panjaud, 99 U. S. 180; 25 Law Ed. 451; Campbell v. Rankin, 99 U. S. 261. It is therefore settled by this court, by the principle laid down in Lockhart v. Leeds, supra, that the appellant, Lasswell, had an adequate remedy at law.

For the reasons given, the judgment of the court below is affirmed.

Mills, C. J., McFie and McMillan, JJ., concur.

Parker, J., having heard the case below did not participate in this opinion.