[No. 1691, May 24, 1915.]
# PRICE SHOE & CLOTHING COMPANY et al. v. McBRIDE, County Treasurer.

### SYLLABUS BY THE COURT.

Where a taxpayer has an adequate statutory remedy against discriminatory taxation, and fails to resort to the same, he can have no relief in equity by injunction, even where the discrimination is willful and intentional.

Appeal from District Court, Colfax County; T. D. Lieb, Judge.

Action by the Price Shoe & Clothing Company and others against Thomas McBride, Treasurer of Colfax County. From judgment for plaintiffs, defendant appeals. Reversed and remanded.

IRA L. GRIMSHAW, Assistant Attorney General, for appellant.

E. C. CRAMPTON and O. L. PHILLIPS, both of Raton, and CHAS. A. SPIESS of East Las Vegas, for appellees.

The state board of equalization had no power to increase the valuations fixed by the county authorities.
Chapter 124, Laws 1909.

The assessments made by the officials were discriminatory and therefore unconstitutional and void.

### OPINION OF THE COURT.

PARKER, J.—This is a proceeding for an injunction against the collection of an alleged illegal tax. The plaintiffs allege that they are owners of real and personal property, consisting of city lots, stocks of merchandise, and other personal property in Colfax county; that the assessor of Colfax county issued a notice to the taxpayers to the effect that all real and personal property within the county must be returned at 35 per cent. of its actual

value; that, pursuant to said notice, each of the plaintiffs returned his property for taxation upon the basis of 35 per cent. of the actual cash value of his property; that the assessor "intentionally, arbitrarily, and systematically" directed the owners of live stock to return only two-thirds of the actual number of animals, and assessed the same at a value not to exceed 35 per cent. of the actual value; that the valuations upon plaintiffs' property were raised by the assessor to what he considered 35 per cent. of its actual cash value; that the board of county commissioners, sitting as a board of equalization, at its June meeting in 1912, made an order equalizing the vaulations of property in said county, and the valuations of plaintiffs' property were reduced; that thereafter an appeal was prepared and filed with the Attorney General from the action of the board of county commissioners to the state board of equalization, said appeal being prosecuted by other taxpayers than the plaintiffs, and he requested that the valuations of plaintiffs' property be raised to the same valuation as that placed upon the same by the assessor of the county; that said appeal was heard by the state board of equalization in September, 1912, and an order entered sustaining said appeal, and ordering that the assessments of the property of said plaintiffs were to stand in the amount originally fixed by the county assessor; that the total raise in the valuations of real anl personal property in the county of Colfax by the state board of equalization amounted to $1,000,000, and was placed entirely upon real estate and personal property, excepting therefrom grazing lands and live stock; that, upon information and belief, the said raises in valuation were actually accomplished by the assessor of Colfax county, acting in accordance with a purported order of the state board of equalization; that said action of the said assessor was arbitrary, fraudulent, and intentional, and was for the purpose of causing plaintiffs to pay a larger tax in proportion to the value of their property than others who had taxable property in the county were required to pay, and a larger tax in proportion to the value of their property than the owners of grazing lands and live stock in the county were required to

pay; that the assessor, or the defendant, extended said valuations as fixed by the state board of equalization upon the tax rolls of the county; that thereafter the board of county commissioners, pursuant to the order of the state board of equalization, made an order approving said assessment rolls; that the assessment rolls were delivered to the defendant, as treasurer of the county of Colfax, for the collection of taxes; that the plaintiffs paid the amount of taxes assessed against their property in accordance with the valuations as fixed by the board of county commissioners at its June, 1912, meeting; that the defendant, as treasurer, has placed upon the tax rolls the increase in the valuation of said property belonging to plaintiffs, in accordance with the foregoing order of the state board of equalization, and that he now gives out and threatens that he will proceed to collect the amount of taxes claimed to be due upon the property of plaintiffs, and has given notice to that effect; that said proceedings have created a cloud upon the title of the property of plaintiffs as to their real estate; and that it will require of plaintiffs a multiplicity of suits to recover the alleged illegal tax if the treasurer is allowed to proceed and collect the same. Plaintiffs pray for an injunction.

A demurrer was interposed and overruled, and, the defendant electing to stand upon his demurrer, the court decreed a permanent injunction. The defendant appeals.

We have, then, a case of alleged intentional and willful discrimination in the valuation of property for taxation purposes. It is impossible to tell from the allegations of the bill just when the assessor made the increase in the valuations of the classes of property owned by the plaintiffs in this case. The complaint contains an allegation that during the assessment of plaintiffs' property the assessor of the county, acting in accordance with what purported to be an order of the state board of equalization, raised the valuation of property in the county to the extent of $1,000,000, but that in so doing he placed the said additional amount entirely upon real estate and personal property, except grazing lands and live stock, and that said action on his part was arbitrary, fraudulent, and in-

tentional, and for the purpose of causing plaintiffs to pay a larger tax in proportion to the value of their property than others who had taxable property in the county were required to pay. It therefore appears, at least inferentially, that during the period of the assessment of plaintiffs' property, that is to say, between March 1st and September 1st, the statutory period, the assessor did the acts complained of by the plaintiffs. Whether he did the same by reason of the alleged order of the state board of equalization, or whether he did it of his own volition, the plaintiffs argue, is immaterial, because it is claimed by them that the state board had no power to make any such order, and that the injury of which they complain was directly caused by the assessor himself. The complaint contains a further allegation that the county commissioners afterwards approved the raises in valuations theretofore made by the assessor. This must have been done prior to September 1st, as, under the provisions of section 4049, C. L. 1897, the county commissioners have no further jurisdiction as a board of equalization to equalize the burdens of taxation. The order of events in the complete process of taxation is not determinable from the complaint, and we therefore construe the pleading to mean that the plaintiffs complained to the county commissioners of the valuations put upon their property by the assessor, and that the county commissioners reduced such valuation to the amount at which the plaintiffs had returned the same; that thereafter the assessor, either by reason of an order of the state board of equalization or of his own volition, again raised the valuations of plaintiffs' property; that the county commissioners, while they still had jurisdiction to equalize the burdens of taxation in the county, ratified the action of the assessor. It is alleged as one of the reasons why the raise in valuations of plaintiffs' property and that of others similarly situated was illegal that the plaintiffs had no notice of the order of the state board of equalization. It is not alleged, however, that the plaintiffs had no such notice prior to the time the county commissioners ratified the act of the assessor. It appears, therefore, that the plaintiffs had an opportunity to appear before the as-

sessor himself, and to appear before the board of county commissioners, and seek all of the relief which they seek in this case, of which opportunity they did not avail themselves.

This presents the same proposition which was discussed in First National Bank of Raton et al. v. McBride, Treasurer, etc. (No. 1690), 149 Pac. 353, in which we have just handed down an opinion. The same difficulty is presented in that this point was not called to the attention of the trial court, nor is it argued in the briefs in this court. We believe, however, that the reasons assigned in the case just decided are sufficient to justify the same course in this case. This is a public question, and concerns all of the people of the state, in that a proper and just administration of the taxing laws shall be maintained.

For the reasons stated in that case, we find that the plaintiffs in this case have no cause of action in equity, and the judgment of the district court will be reversed, and the cause remanded, with leave to the parties to plead further if they shall be so advised; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.

SYLLABUS BY THE COURT.