JANUARY TERM, 1919          313

State ex rel. Ervien v. Budd, 25 N. M. 313.

---

[No. 2264, June 28, 1919].

STATE by ERVIEN, Commissioner of Lands, v. BUDD.

### SYLLABUS BY THE COURT.

Where a complaint shows on its face that the defendant is in possession of certain lands, has inclosed them, is occupying and using them without permission from the plaintiff, who claims to be the owner and entitled to the possession, and that the defendant has refused to vacate and deliver possession of the lands, plaintiff's remedy is in ejectment or an action of forcible entry and detainer, a complaint showing the above facts states no cause of action entitling plaintiff to injunctive relief, and the demurrer to said complaint should be sustained.

Appeal from District Court, Chaves County; McClure, Judge.

Action by the State of New Mexico, by the Commissioner of Public Lands, Robert P. Ervien, against Levi W. Budd, for injunction. Judgment for plaintiff on demurrer, and defendant appeals. Reversed, with directions.

HAROLD HURD, of Roswell, for appellant.

### OPINION OF THE COURT.

RAYNOLDS, J.   The prayer of the complaint in this case asks for an order on the defendant to ''show cause why a writ of injunction should not issue enjoining said defendant from further occupancy of the land in question and further use and grazing thereof and from further inclosing the same, and also why he should not abate the inclosure of wire and posts now surrounding said land, and why he should not be required to give peaceful possession of said land to the plaintiff, and that on his failure to show cause why he should not do the several things recited he be perpetually enjoined from doing them, or any of them, and that he be declared a trespasser and directed to vacate said land.''

In the main body of the complaint it is alleged that the defendant is in possession, has inclosed the land, refuses to vacate, and is using the land without plaintiff's permission or consent. Plaintiff claims to be the owner or entitled to the possession. Inadequacy of the remedy at law by ejectment or by forcible entry and detainer, or by the statutory remedy of trespass and waste under section 5226, Code 1915, is not alleged, nor is any ground for the equitable remedy of injunction based upon the inadequacy of the remedies at law, such as insolvency of the defendant, continuing trespass, fraud in obtaining possession, or the like, alleged in the complaint. A demurrer was interposed to this complaint on the ground, among others, that it failed to state facts constituting a cause of action. The demurrer was overruled, and, the defendant failing to plead further, judgment was entered against him, and the injunction issued. From the overruling of the demurrer and entering judg-

ment in plaintiff's favor, which action is assigned as error, defendant appealed to this court.

The plaintiff evidently seeks to substitute the remedy by injunction for the action in ejectment or the action in forcible entry and detainer. It is only necessary to cite a few well-known authorities to show that this cannot be done.

"An injunction will not be granted where the remedy at law for the injury complained of is full, adequate, and complete." 16 A. & E. Ency. (2d Ed.) p. 352, and cases cited.

"Where there is a choice between the ordinary process at law and the extraordinary remedy by injunction and the legal remedy is sufficient, an injunction will not be granted." Injunctions, 14 R. C. L. par. 44.

"It is a rule of almost universal application that an injunction will not issue to take property out of the possession of one party and put it in the possession of another." Injunctions, 16 A. & E. Ency. (2d Ed.) p. 364, and cases cited.

See, also, Laswell v. Kitt, 11 N. M. 459, 70 Pac. 561.

For the above reasons it is apparent that the lower court erred in overruling the demurrer and in granting the relief prayed for in the complaint. The judgment is therefore reversed, with instructions to sustain the demurrer and dismiss the complaint; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.