367 P.2d 711

**GENERAL TELEPHONE COMPANY OF THE SOUTHWEST**, a corporation, Plaintiff-Appellee,

v.

The **STATE TAX COMMISSION** of the State of New Mexico; F. Wayne Laws, Chief Tax Commissioner; Felipe Sanchez Y Baca and D. D. Monroe, Associate Commissioners, Defendants-Appellants.

No. 6801.

Supreme Court of New Mexico.

Jan. 4, 1962.

Phil R. Lucero, Tax Commission Atty., Santa Fe, Melvin T. Yost, Alfred P. Whittaker, Santa Fe, for appellants.

W. D. Girand, Hobbs, Don S. Holdridge, San Angelo, Tex., for appellee.

CHAVEZ, Justice.

The State Tax Commission of New Mexico, defendants below, appeals from the decision and judgment of the district court of Santa Fe County, invalidating the tax commission's order sustaining the assessment and valuation by the commission of the property of appellee, General Telephone Company of the Southwest, for the year 1958 in the amount of $3,774,250.00.

Due notice of the assessment and valuation was given to appellee and appellee filed its protest. Thereafter, a hearing was held before the tax commission and following said hearing the tax commission entered its order sustaining the valuation and assessment in the amount above stated.

Appellee filed in the district court of Santa Fe County, its "Appeal and Application for Writ of Certiorari." On this pleading the trial court ordered and issued the writ of certiorari. Appellant, tax commission, then filed its motion for dismissal of the appeal and discharge of the writ of certiorari. The motion was heard by the trial court and in the course of the hearing appellee filed in open court its "Appeal and Amended Application for Writ of Certiorari." Over appellants' objection, the trial court permitted the filing of the amended pleading and treated the pending motion as applying to the amended pleading. Counsel for appellants asked appellee to elect between appeal and application for writ of certiorari and appellee elected to stand on its application for the writ. Appellee then sought to withdraw such election, over appellants' objection, and the trial court granted appellee leave to withdraw its election to proceed in certiorari alone. The trial court then denied appellants' motion to dismiss the entire proceedings for failure to state a cause of action, quashed the writ of certiorari as improvidently issued, and allowed the matter to proceed on the amended pleading.

Appellants, by answer, denied the allegations of the complaint and among other defenses alleged: (a) That the court lacks jurisdiction in the absence of a statute creating such right of appeal; (b) that appellee's pleading fails to allege facts sufficient to show that appellants, in entering the order attacked, acted either without jurisdiction or in excess of its jurisdiction; and (c) that the court lacks jurisdiction since appellee's pleadings fail to allege facts to show that the assessment and valuation made by appellants' action is so excessive as to be constructively fraudulent.

The cause proceeded to trial, at which time the trial court heard arguments on the legal defenses raised by the answer and overruled them.

The entire record of proceedings before the tax commission was introduced in evidence, together with instruments filed by appellee with appellants, as the complete record for purposes of the proceedings before the trial court. The trial court then render-

ed its decision, invalidating appellee's 1958 assessment and valuation; entered judgment setting aside appellee's 1958 assessment and valuation; and remanded the cause to appellants, tax commission, for further proceedings as provided by law. Appellants then prosecuted this appeal.

The pertinent findings of fact made by the trial court are:

That appellee's report to the tax commission for 1958 showed the original cost of its plant and properties to be $8,346,415.60.

That the tax commission for 1958 established the assessed valuation at $3,774,250.00, said valuation being 45.22% of the original cost of appellee's plant and properties, undepreciated.

That the tax commission in arriving at the assessed valuation of certain utilities computed the same on the following percentages:

Eastern New Mexico Rural Telephone Coop., 11.58% of gross book cost of plant, materials and supplies.

Pipeline companies assessed valuation varied from 15.96% to 23.9% of gross book cost of plant, materials and supplies.

Pipeline storage tanks valuation varied from 11.76% to 16.64% of gross book cost of plant, materials and supplies.

Gas utility property of Southwest Public Service Company assessed at 18.53% on depreciated book value of gas utilities properties.

That the percentages applied to the cost of appellee's plant, materials and supplies, and of other utilities of its class, have been arbitrarily arrived at by the commission and do not have any relation to the true or actual value of the tangible properties assessed.

That the tax commission's method of valuation is confiscatory and results in a deliberately devised plan of inequality.

That the tax assessors for the counties of Curry, Eddy and Lea, certified that no properties assessed by their office for 1958 were assessed in excess of one-third of the actual value.

That no facts are shown in the evidence to justify the application of different percentages to taxpayers of the same class.

Appellants raise three points upon which it relies for reversal:

I. That the trial court should have dismissed the proceeding for lack of jurisdiction over the subject matter, for the reasons that no statutory appeal was then provided; certiorari does not lie; and appellee failed to state facts sufficient to invoke the jurisdiction of a court of equity on grounds of constructive fraud.

II. That the trial court's erroneous resolution of constitutional questions allegedly presented by appellee requires reversal.

III. There is a lack of substantial evidence in the record to show that the state tax commission, in valuing appellee's taxable properties for 1958, violated the Fourteenth Amendment to the United States Constitution, Article VIII, Section 1, of the New Mexico Constitution, or any of the statutory enactments applicable thereto.

We will consider appellants' point I involving the question of whether the district court had jurisdiction to entertain an appeal from the order of the state tax commission.

Appellants contend that insofar as the proceedings purport to be an appeal, the trial court lacked jurisdiction thereof in the absence of statutory authorization. Appellants further argue that although the trial court took no definite position as to the precise nature of the action before it, that the trial court merely held that appellee's amended complaint stated a cause of action and overruled the legal defenses challenging the sufficiency of the complaint.

Our review of the record leads us to the view that probably appellee had exhausted all its administrative remedies. This would seem to bring it within the exception stated in In re Blatt, 41 N.M. 269, 67 P.2d 293, 110 A.L.R. 656, that a court of equity may review upon facts specifically set forth showing the assessment to be so excessive as to be constructively fraudulent, "and then only upon a showing that all other remedies designated by the statute have been exhausted."

A review of appellee's amended complaint, and particularly paragraph five thereof, also leads us to the conclusion that appellee's allegations were sufficient to state a claim for relief in equity. Michelet v. Cole, 20 N.M. 357, 149 P. 310; Pillsbury v. Blumenthal, 58 N.M. 422, 272 P.2d 326.

This, however, does not dispose of the problem before us. The question remains as to whether appellee had an adequate remedy at law. This particular matter was not argued in the briefs and normally we would not consider it. However, the questions involved in this case are of great public interest and concern the state's administration of our taxing statutes. Under these circumstances we will consider the question, even though not argued in the briefs.

In First National Bank of Raton v. McBride, 20 N.M. 381, 149 P. 353, this court said:

"* * * The complaint contains no allegation that they requested the assessor to perform any of these acts, or that they appeared before either the county or state board of equalization, and requested that the omitted property be listed and taxed, and that the under-

valued property be raised to a value proportionate to that of the complainants. One of the principal difficulties with this proposition is that the defendant in the court below failed to call attention to these facts by his demurrer, and the question is not even argued in the briefs for the defendant in this court. If this were an ordinary controversy between private persons, we would feel justified and required to ignore it. But the question in this case involves a proper understanding of the law of taxation as it is to be administered in this state, and the question is one of general public interest in which the state at large is concerned. Under such circumstances, we feel justified in discussing the question from the standpoint of the general welfare of the state. It is a general and well-recognized proposition that no taxpayer may appeal to a court of equity for relief against discriminatory taxation unless he has no legal or statutory remedy which is adequate, or unless he has first exhausted his legal or statutory remedy without avail. 2 Cooley on Taxation (3d Ed.) 1412; 2 Desty on Taxation, 661, 662."

See also Price Shoe & Clothing Company v. McBride, 20 N.M. 409, 149 P. 362.

In State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701, the statute (Ch. 7, N.M.1934 Sp.Sess.), providing for the collection of the school or sales tax, was involved. Section 313 of the act sets out one of the remedies of a taxpayer who feels aggrieved by any action taken by the tax commission under the act. The aggrieved taxpayer can apply to the tax commission by petition in writing within a certain time, setting forth the reasons why a hearing should be granted him and the amount in which any tax should be reduced. Section 314 of the act provided that no injunction, or writ of mandamus, or other legal or equitable process, shall issue to prevent the collection of the tax. The act then provided:

"* * * but after payment of any such tax, penalty or interest under protest, which protest shall be duly verified by oath and shall set forth the grounds of objection to the legality of the tax, the taxpayer may bring action against the Tax Commission in the District Court of Santa Fe County for the recovery of any tax, interest or penalty so paid under protest. * * *"

In State ex rel. Attorney General v. Tittmann, supra, this court said:

"* * * A plain, adequate, and speedy remedy is given by the act for the correction of over-assessments or any illegally assessed tax, in the absence of a constitutional objection to the act. * * *"

In Lougee v. New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P.2d 6,

this court, after first concluding that there was an adequate legal remedy, on rehearing held that since a taxpayer would have to pay every month under protest and bring suit, the remedy was not adequate and relief could be granted in equity.

In the case before us, even though the amended complaint is termed an "Appeal and Application for Writ of Certiorari," appellee attempted to obtain relief in the district court on three theories: (1) Appeal, (2) certiorari, and (3) general equity jurisdiction. Certiorari is not before us as the trial court quashed the writ as improvidently issued. No appeal was taken from this action of the trial court.

■ The general equity jurisdiction of the trial court is not available, although properly pleaded, because appellee in fact had an adequate remedy at law by paying the tax under protest and filing suit for refund in the three counties involved, to-wit, Curry, Lea and Eddy. We do not believe that there is a sufficient multiplicity of suits to warrant equity in assuming jurisdiction.

■ Equity will not take jurisdiction when an adequate legal remedy exists. Lasswell v. Kitt, 11 N.M. 459, 70 P. 561; State ex rel. Ervein v. Budd, 25 N.M. 313, 182 P. 863; and Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711.

We recently had occasion to consider a case entitled State ex rel. State Tax Comm. v. First Judicial District Court, N.M., 366 P.2d 143, wherein Mountain States Telephone and Telegraph Company, real party in interest, sought equitable relief upon an alleged inequality of valuation of its property as compared with other like corporations. The valuation involved was fixed by the state tax commission. In that case, we set aside an injunction, which had been granted by the trial court purportedly under the provisions of § 72–6–8.2, N.M.S.A., 1959 Pocket Supp., and stated in the opinion by way of explanation, the following:

"* * * Until 1959, the legislature had not specifically provided for an appeal to the courts of the tax commission's valuation. Therefore, the only statutory remedy was for the corporation to pay its taxes under protest to each county and file separate suits in respect thereto. * * *"

Cooley on Taxation, Vol. 4, (4th Ed.), §. 1646, pp. 3323–3325, states the rule as follows:

"Equity will not assume jurisdiction to grant relief by injunction or otherwise in tax cases if there is an adequate remedy at law. * * * This rule applies equally well where the ground for enjoining an excessive assessment is that of fraud. * * *"

We now consider appellee's right of appeal under §§ 72–6–13.1 through 72–6–13.9, N.M.S.A., 1959 Pocket Supp. As we read

these sections they set out the procedure for appeals and review by the tax commission from actions of the county boards of equalization and county assessors.

The assessment and valuation of appellee's properties was made pursuant to § 72-6-4, N.M.S.A., 1953 Comp., which provides:

"72-6-4. Assessment by commission. —At its regular meeting beginning on the first Monday of March of each year, the commission

"(1) Shall determine the actual value:

"(a) Of all property belonging to or leased by any railroad, telegraph, telephone, transmission or pipeline company, and all public utilities not otherwise exempt within the state of New Mexico, which is used in the operation of the business."

█ Sections 72-6-13.1 through 72-6-13.9, N.M.S.A., 1959 Pocket Supp. set out the procedure for appeals and review from the actions of county boards of equalization and county assessors to the state tax commission. Section 72-6-13.8 provides:

"72-6-13.8. Judicial review.—Any interested person dissatisfied with any order of the commission may appeal the same to any district court of the state of New Mexico by filing such appeal with the district court within fifteen [15] days after the entry of any order, otherwise the order of the commission shall become final and conclusive. Upon the appeal from any order of the commission to district court as herein provided, the Rules of Civil Procedure and Practice shall govern. Appeals may be taken from any decision of the district court to the Supreme Court in the same manner that such appeals are taken in civil actions."

From a reading of § 72-6-13.8 by itself, it might appear that appellee would have the right to appeal to the district court. However the entire chapter (Ch. 152, Laws 1955), being §§ 72-6-13.1 through 72-6-13.9, covers and involves the subject of appeals from the actions of the county boards of equalization and county assessors and nothing is said in said chapter as to assessments and valuations fixed by the state tax commission. Therefore, Ch. 152, Laws 1955, has nothing to do with the assessments made by the state tax commission.

We note that § 72-6-13.9 provides that nothing in the act (§§ 72-6-13.1 through 72-6-13.9) shall be construed to repeal any other provisions of law relating to the powers and duties of the state tax commission, thus leaving the provisions of § 72-6-4, hereinbefore quoted, undisturbed. Section 72-6-4(5) provides for a statutory method of rehearing before the tax commission and is not what is contemplated under § 72-6-13.8.

We have hereinbefore noted that the 1959 legislature enacted § 72–6–8.2, N.M.S.A., 1959 Pocket Supp., which specifically makes provision for appeals from valuations by the state tax commission to any district court of the state of New Mexico.

◼ We are satisfied that in the case before us the principle enunciated in In re Blatt, supra, is applicable. We held in that case that there is no statutory method provided whereby a taxpayer, who is aggrieved because of excessive assessments, can appeal from the ruling of the state tax commission to the courts; the sole exception being that a court of equity may review upon facts specifically set forth showing the assessment to be so excessive as to be constructively fraudulent.

In the light of what has been said and the authorities cited, we hold that appellee had an adequate remedy at law which it had not exhausted, and thus a court of equity in assuming jurisdiction as the trial court did, was in error.

In view of our holding under appellants' point I, it becomes unnecessary to consider points II and III.

The cause is reversed and remanded to the district court with instructions to set aside the judgment hereinbefore entered, to reinstate the cause on the docket, and to dismiss appellee's "Appeal and Application for Writ of Certiorari."

It is so ordered.

COMPTON, C. J., and CARMODY, MOISE and NOBLE, JJ., concur.