This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                            **NO. 33,179**

**WILLIS J. KELLY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Josephine H. Ford
Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1} Defendant appeals from the district court's judgment affirming the metropolitan court's judgment and sentence convicting him of assault on a household member and criminal damage to property. [RP 3, 37-38] This Court's calendar notice proposed to affirm Defendant's convictions. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the judgment.

{2} Defendant continues to argue that Ms. Paige Messec should have been excused from the jury panel for jury misconduct. The calendar notice proposed to conclude that there was no evidence that extraneous information actually reached the jury and "came to bear on the jury's deliberations." *State v. Mann*, 2002-NMSC-001, ¶ 19, 131 N.M. 459, 39 P.3d 124; *see id.* ¶ 17 (stating that this Court will not reverse a district court's denial of a motion for a new trial based on juror misconduct unless the court abused its discretion). Defendant argues that because his case was still active, his federal conviction was common knowledge in the office where Ms. Messec worked as a district attorney, and she had opportunities to discover this during breaks in the trial if she returned to her office. [DS 12] Although Defendant acknowledges there was no evidence that Ms. Messec actually received any extraneous information [MIO 11], he argues the critical fact is that she had access to the information. That is not the standard we apply in determining juror misconduct. Absent any evidence showing that

extraneous information actually reached the jury, we affirm. *See Kilgore v. Fuji Heavy Industries, Ltd.*, 2009-NMCA-078, ¶¶ 12-13, 146 N.M. 698, 213 P.3d 1127 (concluding there was jury misconduct where there was evidence that the juror actually received extraneous information). Because we affirm on this basis, we need not consider Defendant's request to take judicial notice of his federal conviction. [MIO 11]

{3} Defendant continues to argue that there was insufficient evidence to support his conviction for criminal damage to property. This Court's notice proposed to conclude that there was sufficient evidence of Defendant's identity, given the victim's testimony that when the banging on her garage door stopped, she saw Defendant from her window get into his car and drive away. [DS 6, MIO 5] We further proposed to conclude that to the extent Defendant testified it was not him and he was not at the victim's house the night of the incident [DS 11], "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

{4} Defendant continues to argue that the victim's testimony that she saw him leave her house directly contradicted his testimony, and that this court "must be satisfied

3

that the evidence was sufficient to establish the facts essential to conviction with the level of certainty required by the applicable burden of proof." *State v. Maes*, 2007-NMCA-089, ¶ 12, 142 N.M. 276, 164 P.3d 975. Defendant maintains that a reasonable fact finder could not have reached a subjective state of near certitude that he was the person who went to her house and threatened her, in part because the victim admitted that it was she who was mad at Defendant because of some photos she had found on his cell phone. [DS 13] The standard of proof we review on appeal is beyond a reasonable doubt and not a subjective state of near certitude as Defendant asserts. *See State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 ("Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction"). We disagree with Defendant, and affirm on the basis that, to the extent there was any conflicting evidence, we defer to the fact finder and do not weigh the credibility of the testimony. *See Mora*, 1997-NMSC-060, ¶ 27.

{5}     Defendant also continues to argue that there was insufficient evidence that he was the person who left the threatening voice message on the victim's cell phone, or that the victim reasonably feared an imminent battery. [DS 13] The calendar notice proposed to affirm on the basis that despite conflicting evidence, which all go to

4

credibility, there was evidence that the victim recognized Defendant's voice in the messages and that she was scared he would carry out his threats. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Defendant continues to argue that a reasonable fact finder could not have reached a subjective state of near certitude as to the victim's state of mind concerning her belief she was in danger of receiving an immediate battery, particularly because there was evidence that the victim sent Defendant text messages both before and after the incident, and that the victim allowed Defendant to see their daughter after the incident. [MIO 15] Again, Defendant attempts to apply an improper standard of proof. Based on the above evidence, as well as the evidence outlined in the first calendar notice, we conclude that there was sufficient evidence to support a jury's conclusion beyond a reasonable doubt, that Defendant was the person who left the voice message and that, as a result, the victim feared an imminent battery. The jury was free to disregard any evidence to the contrary. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{6}    For all of the above reasons, and those stated in the calendar notice, we affirm Defendant's judgment and sentence.

{7}    **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**TIMOTHY L. GARCIA, Judge**